BANNER MILLING COMPANY, Appellant, *v.* STATE OF NEW YORK, Respondent.

Eminent domain — condemnation of manufacturing property under Barge Canal Terminal Act (L. 1911, ch. 746) — good will of business not property for which owner may be compensated — when State did not appropriate good will of such business claimant cannot be allowed damages for injury to business and good will thereof — rule for arriving at value of property taken.

1. Pursuant to the Barge Canal Terminal Act (L. 1911, ch. 746) the State has appropriated claimant's property used for the manufacture of flour for many years, the business of which had earned a large sum annually for the past ten years. The Court of Claims allowed claimant for the lands appropriated, for the value of the structures thereon, for the value of the power plant and for damages to the machinery and fixtures, various sums, aggregating a large amount but allowed nothing for the good will of the business, basing such ruling

upon a finding, affirmed by the Appellate Division, " That while the State of New York did not take, appropriate or destroy the good will of the flour manufacturing business theretofore carried on upon said premises by the claimant, it did interrupt and damage the same. To what extent it was damaged it is unnecessary for us to find because such good will was not property for which the claimant was entitled to compensation by reason of this appropriation as we have found in the seventh conclusion of law hereafter set forth." Claimant insists, however, that as its good will was interrupted and damaged to some extent it was entitled to some compensation. Such, however, is not the law.

2. There is a marked distinction between instances where the State appropriates a public service corporation and all its business and good will as a going concern intending to continue its operations as a public enterprise and those instances where the State desires the land and not the business. Taking the land may cause the owner inconvenience and loss by compelling him to remove his business to some other place. Such loss, however, is not recognized as part of the damage or compensation which the State must pay for the land taken. While it may be that removal from one place to another may cause some loss, yet the elements making up that loss are so highly speculative that the courts have not considered it an appropriation or damage which the State should pay as commanded by the Constitution.

3. The statute (L. 1918, ch. 606) does not, as contended, amend the Barge Canal Act so as to give jurisdiction to the Court of Claims to make allowance for damages done to the good will of a going concern caused by the appropriation of property taken under the act. This statute merely extends the time to file a claim where the time had expired under existing laws. It was not the intention to reopen cases already settled and for which allowances had been made. The words " compensation or damages for or on account of the appropriation " mean no more than compensation or the amount allowed by law for the taking of the property. Damages and compensation as used in this statute are synonymous. If it were the intention of the Legislature to add to the words of the original statute (L. 1911, ch. 746) damages to the good will of a business conducted on the property taken, the title and the body of the act should have been more specific.

4. A contention that the findings show that the Court of Claims in arriving at the value of the property appropriated failed to follow the correct rule, cannot be sustained. Upon request the court found that the fair value of the fees of architects and engineers, insurance premiums, interest on investment during construction, railway franchises, legal expenses, cost of errors in construction and other expenses of adjustment and co-ordinating the mill and machinery so as to

produce satisfactory results, was a certain amount, but refused to make a finding that claimant was entitled to recover that as a separate award. Nowhere does it appear that all the elements making up this amount were not considered by the Court of Claims in arriving at its total figure or valuation. Claimant was not entitled, as matter of law, to recover these expenses; it was entitled merely to have them considered as necessary in building up and constructing the mill as a going concern, efficient and appropriate for the business and the award having been unanimously affirmed by the Appellate Division it must be assumed that the amounts allowed include every element of value to which the claimant was entitled unless it appear to the contrary by some ruling and exception.

*Banner Milling Co.* v. *State of New York*, 210 App. Div. 812, affirmed.

(Argued June 12, 1925; decided July 15, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 1, 1924, modifying and affirming as modified a judgment of the Court of Claims awarding compensation for property taken for canal purposes.

*Henry W. Hill* and *Alfred W. Gray* for appellant. Both going-concern value and good will are private property capable of admeasurement as has been done in this case and within the protection of section 6 of article 1 of the State Constitution and also of section 1 of article 14 of the Amendments of the Constitution of the United States, and, therefore, when taken, impaired, interrupted or damaged, as in the case at bar, in consequence of the appropriation by the State of claimant appellant's physical properties for public use, compensation must be made for such private property. (*Omaha* v. *Omaha Water Co.*, 218 U. S. 180; *Des Moines Gas Co.* v. *Des Moines*, 238 U. S. 153; *Denver* v. *Denver Water Co.*, 246 U. S. 192; *People ex rel. Kings Co. L. Co.* v. *Willcox*, 210 N. Y. 487; *Chicago, M. & St. P. R. Co.* v. *Tompkins*, 176 U. S. 167; *Holden* v. *Hardy*, 169 U. S. 366; *Norwood*

v. *Baker*, 172 U. S. 269; *C., B. & Q. R. R. Co.* v. *Chicago*, 166 U. S. 226; *Slaughter House Cases*, 16 Wall. 116; *National Protective Assn.* v. *Cumming*, 170 N. Y. 341; *People* v. *Gillson*, 109 N. Y. 389.) If going value and good will of a business are not property within the meaning of the word property as used in the Constitution of the State of New York and the Constitution of the United States, still claimant is entitled to compensation for the damage done to its going value and good will under chapter 606 of the Laws of 1918 of the State of New York. (*Oswego & Syracuse R. R. Co.* v. *State*, 226 N. Y. 351; *People ex rel. Burnhans* v. *City of N. Y.*, 198 N. Y. 432; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Abendroth* v. *M. R. Co.*, 122 N. Y. 16; *Bohm* v. *Met. Ry. Co.*, 129 N. Y. 576; *South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301; *Matter of City of New York*, 193 N. Y. 100; *Matter of Rapid Transit R. R. Comrs.*, 197 N. Y. 100; *Flynn* v. *N. Y., W. & B. Ry. Co.*, 218 N. Y. 389; *County of Erie* v. *Freidenberg*, 221 N. Y. 389.)

*Albert Ottinger*, *Attorney-General* (*Edward J. Mone* of counsel), for respondent. Claimant is not entitled to recover herein, as an item separate and distinct from the market value of its appropriated property, the alleged diminution in value of the going value or the good will of its flour milling business resulting from the appropriation of land upon which said business was carried on. (*Des Moines Gas Co.* v. *Des Moines*, 238 U. S. 153. *Brunswick* v. *Maine Water Co.*, 99 Me. 371; *People ex rel. Johnson Co.* v. *Roberts*, 159 N. Y. 70; Nichols on Em. Domain [2d ed.], § 124; Lewis on Em. Domain [3d ed.], § 727; Cooley's Const. Lim. [7th ed.] 819; *Jackson* v. *State*, 213 N. Y. 34; *Matter of N. Y., W. S. & B. R. R. Co.*, 35 Hun, 633; *Brainerd* v. *State*, 74 Misc. Rep. 100; *Matter of Gilroy*, 26 App. Div. 314; *Matter of Grade Comrs.*, 17 App. Div. 54; 154 N. Y. 550; *City of Syracuse* v. *Stacey*, 45 App. Div. 249; 169 N. Y. 231;

*People ex rel. K. C. L. Co.* v. *Willcox*, 210 N. Y. 479.)

*Martin Conboy, John Jay McKelvey* and *Harry B. Chambers* for Isaac G. Johnson & Co., *amicus curiæ.* Going concern value and good will value are elements of value in any going business. (*People ex rel. Kings Co. L. Co.* v. *Willcox*, 210 N. Y. 479; *City of Omaha* v. *Omaha Water Co.*, 218 U. S. 180.) Going concern value comprises elements which enter into the cost of the physical plant. (*Denver* v. *D. U. Water Co.*, 246 U. S. 178; *Kennebec Water Dist.* v. *Waterville*, 97 Me. 185; *Brunswick* v. *Maine Water Co.*, 99 Me. 371; *Matter of City of New York*, 227 N. Y. 119.) Good will may be purchased; it may be acquired by condemnation and used by the condemning party, or it may be destroyed in the taking of a plant by condemnation. (*Matter of Silkman*, 121 App. Div. 202; *People ex rel. Johnson Co.* v. *Roberts*, 159 N. Y. 79; *Usdansky* v. *Lane*, 184 App. Div. 140; *Freeman* v. *Freeman*, 86 App. Div. 110.) The word " taking " as used in the realm of eminent domain is no technical word to be limited to merely physical things of which the owner is deprived. (*Gardner* v. *Newburg*, 2 Johns. Ch. 162; *Sinnickson* v. *Johnson*, 17 N. J. L. 129; *Pumpelly* v. *G. B. Co.*, 13 Wall. 166; *Hyde* v. *M., D. & P. Ry. Co.*, 136 N. W. Rep. 92; *Monongahela Nav. Co.* v. *United States*, 148 U. S. 312.) Just compensation has no technical meaning but as guaranteed by the common law and by constitutional provisions it means a full and fair compensation for the damage caused by the taking. (*Gardner* v. *Newburg*, 2 Johns. Ch. 162; *United States* v. *Town of Nahant*, 153 Fed. Rep. 520; *B., R. & M. R. R. Co.* v. *Barnard*, 9 Hun, 104.)

CRANE, J. Pursuant to chapter 746 of the Laws of 1911, known as the Barge Canal Terminal Act, and its amendments, the State appropriated appellant's property

in the city of Buffalo, used by it for a flour mill. The property had been used for the manufacture of flour since 1887 and for the past ten years the business had produced for the claimant averaged earnings of over $50,000 annually. The State did not appropriate the business or intend to carry on the business. It sought the land and its appurtenances for Barge canal purposes. All fixtures as far as possible were to be removed by the owner.

The Court of Claims, pursuant to the procedure in such cases, allowed the claimant for the lands appropriated $235,000 made up as follows: For the lands appropriated, $90,000; for the value of the structures appropriated, $90,000; for the value of the power plant appropriated $8,317.62; and for damages to the machinery and fixtures not appropriated, $46,682.38.

Both the State and the claimant appealed from the judgment of the Court of Claims to the Appellate Division, where the judgment was unanimously affirmed with the exception that paragraph 7 thereof was stricken out. This paragraph stated the reason why the court had made no allowance for damages to the good will of the business. The claimant is in this court by the certification of the Appellate Division that there is a question of law involved which ought to be reviewed by us.

On the argument and in its brief the appellant seeks to present two questions of law; one, relating to the value of the mill as a going concern, and the other as to the good will, both of which it is claimed the court excluded in allowing damages or compensation. In my judgment, the state of the record presents the latter question only.

By reason of the unanimous affirmance we are confined in our review to the findings of fact made by the Court of Claims. We cannot go behind these to determine what that court considered or did not consider in making

up its judgment. That it did not consider good will is evident from the face of these findings.

At the request of the claimant the court found: " That the earnings of claimant over a period of ten years averaged upwards of Fifty-five Thousand Dollars ($55,000.00) annually, which, after deducting the interest on the value of the tangible assets, establishes the value of the going business or good will of the Company, at upwards of Two Hundred and Fifty Thousand Dollars ($250,000.00)." Finding 11 reads: " That the State of New York did not take, appropriate, interrupt, damage or destroy the good will of the flour manufacturing business theretofore carried on on the said premises by the claimant."

Subsequently this finding was amended so as to read, " That while the State of New York did not take, appropriate or destroy the good will of the flour manufacturing business theretofore carried on upon said premises by the claimant, it did interrupt and damage the same. To what extent it was damaged it is unnecessary for us to find because such good will was not property for which the claimant was entitled to compensation by reason of this appropriation as we have found in the Seventh Conclusion of Law hereafter set forth."

The seventh conclusion of law reads: " That the good will of claimant's said business is not property for which the claimant is entitled to any compensation in this proceeding, nor is it entitled to any damages for injury thereto or for any interruption thereof by reason of the appropriation herein."

The appellant insists that as its good will was interrupted and damaged to some extent it was entitled to compensation for this interruption or damage. Such, however, is not the law.

There is a marked distinction between the instances where the State appropriates a public service corporation and all its business and good will as a going concern

intending to continue its operations as a public enterprise (*City of Denver* v. *Denver Union Water Co.*, 246 U. S. 178; *City of Omaha* v. *Omaha Water Co.*, 218 U. S. 180), and those instances where the State desires the land and not the business. Taking the land may cause the owner inconvenience and loss by compelling him to remove his business to some other place. Such loss, however, is not recognized as part of the damage or compensation which the State must pay for the land taken. The reason for this distinction is quite apparent. When the business of a public service corporation is taken, the corporation goes out of business so far as conducting that branch of it is concerned. The business changes ownership from private to public control. The good will and all that goes with it is taken over by the State as well as the tangible property. This is not so with the condemnation of land for public purposes. Here the good will may be damaged by inconvenience and removal of the business, but it is not taken. The owner of the business may remove to another place, establish his business and carry his good will with him. Especially is this so, where the good will consists in the brand of goods manufactured or in the personality of the manufacturer as distinguished from the mere place of doing business. While it may be as in this case that removal from one place to another may cause some loss, yet the elements making up that loss are so highly speculative that the courts have not considered it an appropriation or damage for which the State should pay as commanded by the Constitution. (*Matter of Gilroy*, 26 App. Div. 314, CULLEN, J.; *Sawyer* v. *Commonwealth*, 182 Mass. 245, HOLMES, Ch. J.; Nichols on Eminent Domain [2d ed.], sect. 124; *City of Oakland* v. *Pacific Coast Lumber & M. Co.*, 171 Cal. 392, 398; *Becker* v. *Phila. & Reading Ter. R. R. Co.*, 177 Penn. St. 252; *Ranlet* v. *Concord Railroad Corp.*, 62 N. H. 561; *Hunter* v. *C. & O. R. Co.*, 107 Va. 158; *U. S.* v. *Inlots*, 26 Fed. Cas. 482, 489.) The rule is

different in the rate cases where good will is an element of property which must be considered in estimating the investment or the rate upon which to figure income. (*People ex rel. Kings County Lighting Co.* v. *Willcox*, 210 N. Y. 479; *Des Moines Gas Co.* v. *Des Moines*, 238 U. S. 153.) The Legislature may, however, authorize a recovery for the loss of profits in a business or for the damages done to the good will of a going concern caused by the appropriation of land by the State or its agencies. Such were the provisions of the Water Supply Acts (Laws of 1905, chap. 724, as amended by Laws of 1906, chap. 314). (*People ex rel. Burhans* v. *City of New York*, 198 N. Y. 439.)

The appellant's counsel apparently recognizes this general rule that damage done to the good will cannot be figured in the compensation where the good will is not appropriated, because he now claims that the Legislature has amended the Barge Canal Act giving jurisdiction to the Court of Claims to make allowance for such damages.

Chapter 606 of the Laws of 1918 contains but one section. It is entitled, " An act to extend the time for filing existing claims against the state for compensation or damages for or on account of the appropriation of property in connection with the construction of improved canals and canal terminals, and giving the court of claims jurisdiction."

It reads: " The court of claims shall have jurisdiction of and may hear and determine any claim against the state, heretofore accrued, which shall be filed within one year after this act takes effect, for compensation or damages for or on account of the appropriation by the state of any lands, structures, waters, franchises, or other property in connection with the improvement of the * * * canals, * * * notwithstanding the lapse of time since the accrual of the claim."

That this statute merely extends the time to file a

claim where the time had expired under existing laws, is quite evident from the reading. It cannot be that it was the intention to create a favored class for those who had delayed in presenting claims. Discrimination is not favored even though it be legal. (*Matter of City of N. Y.*, 190 N. Y. 350.) Nor was it the intention to reopen cases already settled and for which allowances had been made. The words " compensation or damages for or on account of the appropriation " mean no more than compensation or the amount allowed by law for the taking of the property. Damages and compensation as used in this statute are synonymous. If it were the intention of the Legislature to add to the words of the original statute (Laws of 1911, chap. 746) damages to the good will of a business conducted on the property taken, the title and the body of the act should have been more specific. A modification of the general rule would have called for some such wording as that above referred to in the Water Supply Acts. Neither do the words " other property " read in connection with " lands, structures, waters," etc., extend the right of recovery beyond compensation for property appropriated according to the previous law. The learned opinion of the Court of Claims calls attention to the fact that the original bill which became chapter 616 of the Laws of 1918 contained in it the words " good will, established business, or other property," and that as finally passed the words " good will and established business " were stricken out. This amendment of 1918 did no more than extend the time within which to present claims.

I am, therefore, convinced that the Court of Claims was right in ruling as it did regarding the good will of the claimant's business.

The other branch of this case deals with the rule which the Court of Claims adopted in fixing the value of the property appropriated or the compensation to be paid therefor. The court, it is said, adopted the right rule

and then refused to apply it.   Apparently some confusion has arisen in the use of the words " going concern value " and " good will."   In its brief the appellant at times uses these words interchangeably.   In dealing with the subject of good will the reports and text books use the words " going concern value," and the one generally includes the other to some extent.   In considering the present point made by the appellant we must be careful to exclude the " good will " meaning of the words " going concern value."

As I understand the appellant, it claims that certain elements of construction and cost in building up the plant and the flour mill were not considered or allowed for by the Court of Claims, although the general rule of valuation would include such proof.   In establishing the value of the flour mill property appropriated, it was competent to prove all the uses that could be made of the property; the value of the plant as a live, going flour mill, the increased value, if any, which the structure so used had given to the land, and all the valuable appurtenances and availabilities of the property.   To estimate the fair market value the court no doubt should have considered not only the cost of production, but also the cost necessarily or reasonably expended in bringing the mill or factory into efficient working condition, what has been called the synchronizing of its parts.   Architect's fees in making or revising plans, compensation for engineers to carry out the plans or to arrange the factory so as to produce appropriate manufacturing results are all elements which should be considered in estimating the market value.   These are things which a seller and a purchaser would consider on a sale.   This does not mean, however, that the cost of these various items considered alone and by themselves must be allowed for or that the sum total of all these expenses make up the owner's compensation.   The cost of production or of reproduction need not of necessity be taken part by part,

and the total accepted as the amount of the award. These tems like other items of cost in production or reproduction are to be considered and weighed with the other evidence of value.

This I understand was the rule applied by the Court of Claims in this case. It was stated in the briefs that the court stated the correct rule but failed to apply it. The opinion stated: " The claimant is entitled to recover the value of its physical property as it existed at the time of the appropriation. That does not mean that its value is to be arrived at by taking the value of the various elements and items making up the property separately, and considering them without reference to each other, and then adding together these sums. The claimant is entitled to compensation, not merely for so much land, so much brick, lumber, materials and machinery considered separately, but if they have been combined, adjusted, synchronized and perfected into an efficient functioning unit of property, then it must be paid for that unit, so combined, adjusted, synchronized and perfected, as it existed at the moment of appropriation. In that limited sense, it is entitled to the ' going value ' — if such a term is permissible — of its physical property. In fixing the amount of award we will be guided by that principle."

The point which the appellant now makes is that the findings show that the court in arriving at its conclusions failed to follow this rule. I do not think so.

At the request of the claimant the court found as follows:

" 32. That the fair value of architect's and engineer's fees upon the construction and equipment of said plant, insurance premiums and interest on investment during construction period, railway franchises, legal expenses, sundry items correcting errors in construction, expenses incurred in operating mill at a loss up to time when machinery is synchronized and coordinated so as to

produce .satisfactory results is the sum of Seventy-five
Thousand Dollars ($75,000.00)." It refused to find that
the claimant was entitled to this figure. Its action is
important so I shall quote the finding which was refused.

" 5. That claimant is entitled to recover from the State
of New York the sum of Seventy-five Thousand Dollars
the fair and reasonable sound value of the architect's and
engineering fees, taxes, interest and insurance covering
the period of construction, legal fees, franchises and losses
incurred during period of ' tuning up,' synchronizing and
co-ordinating plant so as to reach normal efficiency, taken
and destroyed by the State in the taking of physical
property on the 7th of April, 1917. .

" Refused."

Nowhere does it appear, however, that all these elements
making up this $75,000 expense were not considered by
the court in arriving at its total figure of valuation.
What elements it considered or excluded is not stated.
As I have said, the claimant was not entitled as a matter
of law to recover these expenses; it was entitled to have
them considered as necessary in building up and con-
structing the mill as a going concern, efficient and appro-
priate for the business. The court allowed $90,000 for
the land, for the structures and fixtures $90,000, and for
the difference between the value of the machinery and
fixtures removable and the value added to the building
when they were used in connection with it, $46,682.38;
for the power plant, $8,317.62; total, $235,000.

After the unanimous affirmance of the Appellate
Division we are obliged to assume that such amounts
include every element of value to which the claimant
was entitled unless it appear to the. contrary by some
ruling and exception. We must assume that the court
considered all these elements expressed in the request to
find No. 32 above quoted. The court did rule, to which
an exception was taken, that it would not allow $75,000,

35

the total amount of these expenses. It was not bound to allow this amount as matter of law any more than it was bound to allow the total cost of the construction. As stated, these matters were to be considered as elements of proof making up the market value, but the sum total of cost did not necessarily make market value.

Each case necessarily involves different facts and must be considered by itself. Only a few general rules apply on the question of valuation in condemnation proceedings, and even these may yield to exceptional circumstances. What I have here stated applies to this case as presented on the findings and leads to an affirmance of the judgment below. The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Judgment affirmed.