ETHEL J. BRUNT, PLAINTIFF, v. GEORGE R. SCHENCK, DEFENDANT.

Decided July 11, 1931.

Before LAWRENCE, Circuit Court judge.

For the rule, *McDermott, Enright & Carpenter* (*Carl S. Kuebler*).

*Contra, Harry R. Cooper.*

LAWRENCE, C. C. J. This was an accident case tried before me and a jury at the Monmouth Circuit. A verdict was returned in favor of the plaintiff for $3,000. Defendant took out the present rule to show cause, pursuant to *Pamph. L.* 1931, *ch.* 356, and argued for a new trial on two grounds: first, that the verdict was contrary to the weight of the evidence; and second, that the damages awarded are excessive.

The case contains no unusual features. Plaintiff while riding in her husband's car, which was being driven by their son, was injured when it collided with the automobile of the defendant. Mr. Brunt was on the front seat and his wife was sitting in the rear. The accident occurred at an intersection of a main highway, in Middletown township, with a less traveled gravel road. The Brunt car was being driven at the time on the highway in a southerly direction at a speed of thirty-five miles an hour. Defendant came over to the side road from the left intending to cross the highway. The intersection was posted with danger signs, and being familiar with it, as he approached he stopped his automobile at the edge of the highway to allow north-bound cars to pass. He observed the Brunt car coming from his right, but as it appeared to be a considerable distance away, after allowing two more cars to go by, he drove on to the highway, since "he had to cross some time," and as the rear wheels of his car were just over the centre line, there was a sudden "explosion" at the right rear, caused by the Brunt car striking it and with such force as to slue it around to the dirt shoulder of the highway. The Brunt car came to a stop near the centre of the highway practically at the place of the collision.

The evidence at the trial was comparatively free from contradiction in its essential details; that offered in behalf of plaintiff differing only as to the distance of their car from the intersection, which obviously must have been much less

than as conceived by defendant. Young Brunt testified that as they approached his vision of the gravel road to the left was for the moment obscured by the line of automobiles going north on the highway, and that he was not aware of the presence of defendant's car until within ten feet of the intersection when it suddenly came from the rear of the last car in the line of traffic and crossed to his side of the highway and at a time when a collision was inevitable.

In these circumstances, counsel for defendant urges that the accident was due solely to the negligence of the driver of the Brunt car, in that he failed to observe the approach of defendant's automobile from the left, and that if he had reduced the speed of his car as he came to the intersection and waited until the line of north-bound traffic had passed, he would have seen the Schenck car in time to have avoided striking it. He accordingly argues that the verdict was contrary to the weight of the evidence. This appears not to be so, however. The jury could well have found that the collision was due directly to defendant's impatience to get across the highway at a time when there was considerable traffic upon it, and in particular his failure to properly look for cars coming thereon in a southerly direction. Moreover, if the jury had found that the accident was due to the joint negligence of both drivers, the verdict should not be set aside (*Shamberger* v. *VanBlarcon,* 7 *N. J. Mis. R.* 1011); while plaintiff's relation to the car in which she was riding, as disclosed by the evidence, was such that even though joint negligence was found, her right to recover of defendant would still be warranted. *Jacobson* v. *Bentley-Morrison Corp.,* 103 *N. J. L.* 16; *Benning* v. *Herbert,* 8 *N. J. Adv. R.* 526

The injuries received by Mrs. Brunt in the accident consisted of a concussion, a contusion at the back of the head and a laceration of the scalp which required twenty stitches. She was in a hospital for three days, confined after that to the house for two weeks, was then examined by a specialist for an ear difficulty and thereafter was obliged to remain at home because of her condition for four weeks. At the time of the accident she was forty-two years of age in good health,

with brown hair. After the accident and the treatment of the laceration of the scalp, her hair came in gray, as it appeared at the trial, and she has a scar on the top of her head, although not apparent to casual observation since it is concealed by her hair. In addition to the head injury, she sustained some injury to the back in the sacroiliac region and at the time of the trial—over a year after the accident—she still suffered from headaches and backaches, which she did not have before. She also complained of inability to sleep as she had before been accustomed.

In view of these injuries, it cannot be said that the award is so manifestly excessive as to require a reduction. *Taylor* v. *Anderson*, 8 *N. J. Mis. R.* 586; *Redfield* v. *Hurff*, 9 *Id.* 15; *Bethanis* v. *Siegel, Ibid* 21; *Nagy* v. *Manziano, Ibid.* 229; *Jacobs* v. *Public Service, &c., Ibid.* 592. The rule to show cause will be discharged.