## UNITED STATES v. WISE.

### No. 4984.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1942.

Dwight D. Doty, of Washington, D. C., Atty., Department of Justice, (Norman M. Littell, Asst. Atty. Gen., Vernon L. Wilkin-

son and Charles Goodwin, both of Washington, D. C., Attys., Department of Justice, on the brief), for appellant.

Tazewell Taylor, of Norfolk, Va., for appellee.

Before PARKER, SOPER and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a proceeding brought by the appellant, United States of America, in the District Court of the United States for the Eastern District of Virginia, at Norfolk, in August 1941 to acquire land owned by one Henry A. Wise. The land was to be used in the establishment of the harbor defenses of Chesapeake Bay, Cape Charles, Virginia. The Government on the same day filed a declaration of taking and deposited $41,000 as estimated compensation for the property.

After the usual proceedings a trial was had before a jury in January 1942 to ascertain the just and fair compensation for the property. After the taking of evidence and the view of the property, the jury returned a verdict fixing its value at $86,750. No motion was made to set aside the verdict and in February 1942 the verdict was approved by the trial judge and judgment entered for the owner of the property. From this judgment this appeal was brought.

The property in question was used by its owner as a country estate with a residence and a number of appropriate outbuildings. The grounds were landscaped and a road was built by the owner. It is conceded by the Government that the best use of the property was as a country estate, for which the owner used it.

A number of witnesses were examined on behalf of both the Government and the owner, including experts, and a day was spent by the jury in viewing the property.

The appellant argues that error was committed by the trial judge in admitting evidence as to the reproduction cost of structural improvements on the property; in admitting evidence of the reproduction or replacement cost of trees, shrubs and plants and in admitting evidence relating to the original cost of building a road, a telephone line and a power line to the property.

On these points the appellant relies on a number of cases, among them the following: Devou v. City of Cincinnati, 6 Cir., 162 F. 633; Morton Butler Timber Co. v.

United States, 6 Cir., 91 F.2d 884; United States v. Meyer, 7 Cir., 113 F.2d 387; Department of Public Works v. Hubbard, 363 Ill. 99, 1 N.E.2d 383; City of Los Angeles v. Klinker, 219 Cal. 198, 25 P.2d 826, 90 A. L.R. 148; Joint Highway District No. 9 v. Ocean Shore R. Co., 128 Cal.App. 743, 18 P.2d 413; Vallejo & N. R. Co. v. Home Savings Bank, 24 Cal.App. 166, 140 P. 974; McSorley v. School District of Avalon Borough, 291 Pa. 252, 139 A. 848; Hervey v. City of Providence, 47 R.I. 378, 133 A. 618; Jacksonville & S. E. R. Co. v. Walsh, 106 Ill. 253; Forest Preserve District of Cook County v. Chilvers, 344 Ill. 573, 176 N.E. 720.

The contention of the appellee is that this evidence, admitted as it was under repeated warnings by the trial judge to the jury that it was only for the purpose of aiding them to arrive at the true market value, was properly admitted. In support of this contention the appellee cites, among others, the following cases. In re City of New York, 198 N.Y. 84, 91 N.E. 278, 41 L.R.A., N.S., 411, 139 Am.St.Rep. 791; In re North River Water Front, 219 App.Div. 27, 219 N.Y.S. 353, 361; Banner Milling Co. v. State, 240 N.Y. 533, 148 N.E. 668, 41 A.L.R. 1019; Mayor & City Council of Baltimore v. Himmel, 135 Md. 65; 107 A. 522, 524; Levenson v. Boston Elevated R. Co., 191 Mass. 75, 77 N.E. 635; Ranck v. City of Cedar Rapids, 134 Iowa 563, 111 N.W. 1027; United States v. Becktold Company, 8 Cir., 129 F.2d 473.

An examination of the cases shows some conflict but there is no doubt that the overwhelming weight of authority is to the effect that the admissibility of evidence of this character is largely governed by the peculiar circumstances of each case and rests to a great extent in the discretion of the trial judge.

Reliance is placed by the appellant on the decision in Devou v. City of Cincinnati, supra. An examination of that case shows that the circumstances are very different from those in the instant case. In that case it was clearly improper to admit evidence as to the cost of an obsolete building in a neighborhood that had greatly deteriorated since its construction. The court in the Devou case held that evidence of this character might be proper under certain circumstances.

In a recent case, United States v. Becktold Co., supra, the court, after reviewing a number of decisions, including the Devou

and other cases relied upon by the appellant here, held that evidence of this character was properly admitted and that in admitting it the trial judge had not abused his discretion.

The judge below repeatedly told the jury that the evidence objected to was admitted solely for the purpose of aiding them in arriving at a fair market value for the property and gave the following explicit instruction to the jury, setting out the rule applicable to such evidence: "There has been a great deal of testimony, not only from the witnesses for the Government but from the witnesses for the land owner, with respect to the character and condition of the buildings and other improvements, additions, and installations on this land, and the original cost and the reproduction or replacement cost of all those additions to the land. There has been a great deal of testimony with respect to the number and character of ornamental trees, shrubs, and flowers on the land. As I have tried to make clear as we have gone along, evidence of that character is admitted for the purpose of informing the jury of all the physical facts and circumstances surrounding the property being taken and the improvements thereon, the condition of those improvements, their general utility with respect to the use of the land, and all matters of that kind. Of course, you are to keep in mind that fair market value is not to be ascertained by saying the buildings on the land are worth so-much, the shrubs so much, the soil itself is worth so much, and all the different elements, (the power line and such as that), and then say we will add them all up and that is just compensation. But, as I have already instructed you, you are to consider every physical fact and circumstance and everything that is on the land and under the land that has been added to it, for the purpose of arriving at a final figure, which in your opinion, based upon all the evidence, will be just compensation for the single piece of property taken. That is to say, this is not to be viewed as separate takings of the soil, shrubbery, and buildings, but it is to be viewed as the taking of a single piece of property—viewed much in the same light that a shrewd, able purchaser who was interested in that property would view it and summarize it if he had gone there with the serious intention and the ability of finally acquiring the property. He would very probably make a breakdown of the physical condition of the buildings, of all the piping and everything

that was in the land, the plantings and the growth of ornamental trees and shrubs, and all those things, but when he finally came to determine what he would pay, it would be a single figure. So this is a single taking of a single piece of property, composed of all the elements about which the witnesses have testified during the course of the trial. The witness goes on the stand and says that in his opinion the fair market value of that property as a whole on August 21, 1941, was so-much; then, either on his own motion or on cross-examination, he breaks down that figure to show how he finally arrived at that figure. It is your duty to consider all of these elements that enter into the picture, all that contribute to make the property valuable, all, if there are any, that detract from it, and finally, weighing all those elements, determine what is just compensation for the single piece of property that has been taken by the Government. I think that makes clear to you the distinction between determining what is the replacement cost of a building and the real issue that is behind that, and the purpose behind determining replacement cost, or original cost, or any of those things is to aid you in determining whether or not the existence of those buildings on the land contributes anything to the fair market value of the whole, and, if it does contribute to it, how much does it contribute? That applies to each and every structure that was on or in the property."

This passage from the instruction of the trial judge is so well expressed and so clearly states the applicable law that the jury could not have been misled.

A study of the record leads us to the conclusion that this evidence was properly admitted under the instruction of the trial judge and that there was no abuse of discretion by the judge in admitting it.

Great weight is given to the view of the premises by commissioners or a jury. Hunter's Adm'r v. Chesapeake & Ohio Railway Company, 107 Va. 158, 59 S.E. 415, 17 L.R.A.,N.S., 124.

It is contended that error was committed in admitting the testimony of witness J. D. Mapp but we are of the opinion that this witness was qualified and that his evidence was admissible.

The trial was fairly conducted and the charge of the trial judge properly stated the law of the case. Any error that may have been committed was certainly harmless. The jury arrived at a verdict supported by substantial evidence and, as far as we can judge, a fair valuation was fixed for the property. The judgment is accordingly affirmed.