FOURTH DEPARTMENT, SEPTEMBER, 1951.

(September 26, 1951.)

■

FRANKLIN C. HUMBERT, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 29771.)— Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings made. Memorandum: Claimant was the owner of 89 acres of land in the town of Dewitt, Onondaga County, New York, upon which he operated a nine-hole public golf .course known as the Brooklawn Golf and Country Club. On May 12, 1947, the State appropriated approximately four acres of said lands in connection with the Mohawk Thruway construction project. The land so appropriated utilized a portion of the seventh fairway of said golf course, with the result that the seventh tee which, prior to the appropriation, was some 275 feet north of the State appropriation, was thereafter only fifty to sixty feet north of the northerly edge of the lands so appropriated. The nearness of said seventh tee to the Thruway and the inexperience of a large percentage of the golfers using said course, the Court of Claims found, created a hazard to those using the Thruway, from being struck by flying golf balls. The trial court reached the conclusion that the likelihood of accidents created by said hazard would seriously deplete revenues from said golf course, and that said course is no longer suitable and safe and economically sound to operate as a golf course and allowed consequential damages to claimants in the sum of $44,000. We believe the court erred in the apparent inclusion in the damages so found some sum going to make up the fair market value of the golf course as a going business (*Burdick* v. *State of New York*, 276 App. Div. 1052, affd. 302 N. Y. 670; *Matter of City of Rochester* [*Smith St. Bridge*], 234 App. Div. 583). The admission in evidence of profits from the operation of the golf course, while competent to show an adequate and best available use of the property, may not be used to increase the value of the property (*Banner Milling Co.* v. *State of New York*, 240 N. Y. 533). The judgment should be modified by reducing the award to the sum of $20,500. All concur. (Appeal from a judgment for claimant on a claim for damages for the permanent appropriation of property in the towns of Dewitt and Salina for highway construction purposes.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

DAN GRIPPO et al., Doing Business as GRIPPO & COMPANY, Respondents, v. CITY OF SYRACUSE, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiffs in an action to recover property damage alleged to have been caused by water from a defective water main. The order denies a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 279 App. Div. 708.]

■

HUNTERS, INC., Respondent, v. CITY OF SYRACUSE, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in an action to recover property damage alleged to have been caused by water from a defective water main. The order denies a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 279 App. Div. 708.]