FOURTH DEPARTMENT, NOVEMBER, 1951.
(November 8, 1951.)

■

MATTYDALE SHOPPING CENTER, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 29991.) —

Memorandum: This appeal brings up for review the question of the excessiveness of an award made by the Court of Claims of $79,500 for the permanent appropriation of some 0.857 acres of land for the construction of a State highway pursuant to section 30 of the Highway Law. The judgment, including interest, amounts to $84,420.17. Claimant was the owner of the property so appropriated, having obtained title thereto by deed dated May 31, 1949. The consideration paid by claimant for the premises was $57,000 which included $17,000 commissions for promotion of the property. On June 3, 1949, the State of New York appropriated the property in question. The tract of land appropriated was triangular in shape lying between Route 11 on the west and Lemoyne Avenue on the east in a locality known as Mattydale, some two miles north of Syracuse, New York. It is undisputed that during the years immediately preceding the appropriation there had been a sharp increase in property values in this area due to population growth brought about by increased industrial activity. The property at the time of taking was vacant. The court has found that the best available use of the property was for a shopping center and that there was need for such an improvement in the particular locality. This was followed by findings as to the cost of construction of a shopping center and the prospective income therefrom. The findings of prospective income are based upon rentals to be derived from four stores as to which agreements in writing had been made and with respect to schedules of rents claimant might expect to receive from the rental of four other proposed stores. The proof upon which such findings were made was competent to show a best available use of the property but may not be used to increase the value of the property (*Banner Milling Co.* v. *State of New York,* 240 N. Y. 533). It is apparent from the findings that the court, in determining the fair market value of the premises, took into consideration prospective profits derived from future rentals. In this we believe the court erred (*Matter of City of Rochester* [*Smith St. Bridge*], 234 App. Div. 583; *Burdick* v. *State of New York,* 276 App. Div. 1052, affd. 302 N. Y. 670; *Humbert* v. *State of New York,* 278 App. Div. 1041). All concur, except McCurn, J., who dissents and votes for affirmance. (Appeal from a judgment for claimant on a claim for damages for appropriation of realty by the State.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.