GLEN & MOHAWK MILK ASSOCIATION, INC., Appellant-Respondent, *v.* STATE OF NEW YORK, Respondent-Appellant. (Claim No. 31877.)

Third Department, July 9, 1956.

*Eugene P. Devine, Prescott C. Sook* and *Joseph Neumann* for appellant-respondent.

*Jacob K. Javits, Attorney-General (Joseph H. Murphy* and *James O. Moore, Jr.,* of counsel), for respondent-appellant.

COON, J. On April 2, 1952, the State appropriated the entire milk receiving and processing plant owned by claimant in the village of Fultonville, Montgomery County, New York, for purposes of the New York State Thruway. Claimant filed a claim in the amount of $938,500. The State has been permitted to file a counterclaim for $11,200 representing rental from May 1, 1952, after the taking, to July 1, 1953 under an agreement whereby the claimant was licensed to occupy the premises during that period for $800 per month. The Court of Claims has awarded as the value of the property taken the sum of $312,090.70, and has allowed the counterclaim in full, leaving a net award of $300,890.70, plus interest. The State contends that the award is grossly excessive and that the court below applied an improper measure of value. Claimant contends that the award is inadequate and that the counterclaim was improperly allowed. The latter contention does not seem to be seriously pressed and, as the evidence clearly supports the counterclaim, we will consider here only the main award.

A brief description of the property taken is necessary for the determination of the questions raised. The property consisted of 2.110 acres of land fronting on the main street in the village of Fultonville. Located thereon were four connecting buildings having a floor space of approximately 23,000 square feet. The original building was built especially for a milk plant and additions have been made from time to time, so that, at the time of taking, the plant was equipped to handle and pasteurize fluid milk and cream for shipment, and to process and manufacture condensed milk, powdered milk, ice cream mix and canned cream. It was provided with an adequate water supply from

two wells and a pipe line to the Mohawk River, a New York Central railroad siding, coal pits, boilers for steam, and was fully equipped with complex and expensive machinery and piping necessary for the various operations. The plant was capable of handling 30,000 gallons of milk per day. The buildings have never been used for any other purpose than a milk processing plant, and we find nothing in the record to indicate that they would have been suitable for any other purpose. The State argues that the court below was in error in finding that the building was a specialty. The Court of Claims found: '' The buildings on this property were especially built and equipped for the receiving and processing of milk, and constituted an ' adjusted, synchronized and perfected ' unit.'' (207 Misc. 1130, 1132.) We think the record amply sustains such a finding.

The Court of Claims, under the ample authority of *Jackson* v. *State of New York* (213 N. Y. 34), has considered the fair market value of the land, buildings and fixtures as a going concern.

The State contends that much of the equipment is personal property for which claimant is not entitled to compensation. The court below has not allowed compensation for personal property as such. An allowance was made for the '' difference between the value of the machinery and equipment, excluded from the appropriation, if removed, and the value which such machinery and equipment added to the real property when used in connection therewith as a ' going concern ' in full operation.'' This was done upon the theory that the machinery and equipment when in the buildings enhanced the value of the real property and permanent fixtures. (*Banner Milling Co.* v. *State of New York,* 240 N. Y. 533.) '' The end rule in every condemnation proceeding is that an owner is entitled to receive the fair market value of property taken from him based on the most advantageous use to which it can be put ''. (*Hazard Lewis Farms* v. *State of New York,* 1 A D 2d 923, 924.)

As is usual in condemnation proceedings there is a wide variance in the valuations placed upon the property by the experts on respective sides. The witnesses for the State placed a market value of $135,000 on the premises. The claimants offered evidence that the fair market value was $565,396.91. The lower court was not bound by these figures and was entitled to exercise its own independent judgment as to the fair market value of the property taken. The Judge viewed the premises and heard the '' break down '' of valuations in much more detail than may be set forth here. We do not think that he employed

any improper measure of valuation and arrived at a fair award, which is neither excessive nor inadequate to a point where it should be disturbed on appeal.

The judgment should be affirmed, with costs to claimant-respondent.

BERGAN, J. P., HALPERN, ZELLER and GIBSON, JJ., concur.

Judgment affirmed, with costs to claimant-respondent.