■ LYMAN W. FROST, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45442.) — GIBSON, P. J. Cross appeals from a judgment of the Court. of Claims which awarded damages for an appropriation for highway purposes; the State contending that the award should not have included damages representing the value of certain gasoline storage tanks which rested on steel and concrete supports and are asserted by the State to have been personalty; but that if the tanks were in fact taken, the court applied an erroneous measure of damage; and that the award was excessive in any event. On its cross appeal, claimant asserts that the award was inadequate. The storage tank facilities were correctly treated as constituting a specialty (*Banner Milling Co.* v. *State of New York,* 240 N. Y. 533, cert. den. 269 U. S. 582; *Cooney Bros.* v. *State of New York,* 27 A D 2d 93; *Glen & Mohawk Milk Assn.* v. *State of New York,* 2 A D 2d 95) and the experts on both sides appraised them on the basis of reproduction cost less depreciation. The trial court rejected the State's expert's testimony as to reproduction cost, as based entirely upon an appraisal manual, without verification of costs, but accepted his depreciation rate of 48% as against the 8% rate to which claimant's expert testified. We find no legal objection to the court's utilization of this expert's higher rate, while rejecting his cost figures (and claimant's brief interposes none) and in thereupon applying that rate to the cost figure found by claimant's expert, which the court was warranted in accepting on properly rejecting the State's estimate of cost. The State has failed to demonstrate error in the trial court's evaluation or to establish that the cost basis employed does not accurately reflect the value of the appropriated facilities; and thus presents no basis either for its demand for an evaluation on the basis of the cost of a substitute facility or for a depreciation rate higher than that to which its own expert testified. The trial court erred, however, in that its determination of land value of $10,000 on the basis of testimony by claimant's expert Fellows, failed to take into account the fact (which the witness admitted, when it was called to his attention on cross-examination) that the value of site preparation which was a constituent of his appraisal had already been included, to the amount of $5,800, in the valuation of the improvements by claimant's witness Furbeck which Fellows had adopted in making his over-all appraisal. The trial court's evaluation of $10,000 must, therefore, be reduced

to $4,200. The trial court erred in receiving proof of gross earnings and cost of oil, without more, but we have given no effect to this evidence in reaching our determination; and the record does not indicate that it entered into the trial court's calculation of damages. The State's additional assignments of error are insubstantial and not such as to require discussion. Judgment modified, on the law and the facts, by reducing the award to $35,772.92 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J. [53 Misc 2d 206.]