■ MAX LAPIDES, as Liquidating Trustee of Rochester Tallow Company, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 48419.) — Judgment unanimously modified on the law and facts in accordance with the memorandum and, as so modified, affirmed, with costs to claimant. Memorandum.: Claimant was awarded $275,201 plus interest for the permanent appropriation of property on which it operated a slaughterhouse and meat packing business. Of that figure, $175,901 was for land and $99,300 for building and fixtures. The amount awarded for the land is not questioned. However, claimant contends that reproduction cost less depreciation was the proper measure of damages for the buildings and fixtures and that the award for these should have been $473,700. Reproduction cost less depreciation is a proper approach to value where property is classed as a specialty. (*Matter of City of N. Y.* [*Coogan*], 20 N Y 2d 618, 626; *Matter of City of N. Y.* [*Maxwell*], 15 A D 2d 153, 171, affd. 12 N Y 2d 1086.) However, that approach may only be used where the property could reasonably be expected to be reproduced. (*Chiloway Charcoal* v. *State of New York,* 33 A D 2d 712, affd. 28 N Y 2d 914; *Matter of*

*Port Auth. Trans-Hudson Corp.*, 27 A D 2d 32, 43.) The record supports the finding that the property would be replaced rather than reproduced and the trial court properly rejected claimant's evidence based on reproduction. The State's appraisers used the replacement cost less depreciation approach. They figured its cost of replacement on the basis of utility, using modern materials and building methods, plus overhead and profit at $456,014. Of this, $227,768 was for the slaughterhouse; $102,286 for the tallow plant; $35,260 for the stockyard, and $90,700 for fixtures and equipment. Nothing was included for architects' fees or interim financing. Depreciation on the slaughterhouse was figured at 75% (60% physical, 15% functional), on the tallow plant 90% (80% physical, 10% functional), on the stockyard 90% (physical only), and on the fixtures 75% (physical only). The State set the depreciated replacement cost at $99,300, which figure was accepted by the trial court. The depreciation rates employed by the State's appraisers and adopted by the trial court were excessive. The functional obsolescence was designed out of the replacement building; the unused second floor was eliminated, and cement block was substituted for the solid brick walls. As a result, the cost of the replacement building was substantially reduced. Therefore, the trial court should not have reduced the replacement cost by deducting a percentage for functional depreciation since this amounted to a double deduction. Also, the trial court should have included architects' fees and interim financing in the replacement cost. (*Banner Milling Co.* v. *State of New York*, 240 N. Y. 533; Friedman, Encyclopedia of Real Estate Appraising, pp. 41, 42.) The award should be modified by eliminating the deduction for functional depreciation and adding 6% for architects' fees and 6% interim financing which should be figured on the replacement cost before the addition of 10% profit. Taking the State's replacement cost of $227,768 on the slaughterhouse and following this formula, we arrive at a figure of $101,000; and doing the same on the tallow plant, we arrive at a figure of $22,700; on the stockyard, $3,900; and on the fixtures and equipment, $31,800, amounting to $159,400, resulting in a total award of $335,301. (Appeal from judgment of Court of Claims, in claim for damages for permanent appropriation.) Present — Del Vecchio, J. P., Marsh, Witmer and Moule, JJ.