■ In the Matter of RONALD PICKERELL et al., Appellants, v TOWN OF HUNTINGTON, Respondent. [707 NYS2d 477] —In an eminent domain proceeding, the petitioners appeal, as limited by their brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Suffolk County (Werner, J.), entered March 8, 1999, as, after a nonjury trial, is in favor of them and against the defendant only in the principal sum of $26,500.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In May 1990 the petitioners acquired a 4.7-acre parcel of underwater property representing a portion of the 44-acre Titus Mill Pond in Suffolk County. The Town of Huntington condemned the entire pond on April 23, 1992. At a trial to determine the value of the petitioners' property, the petitioners and their experts testified that the pond was ideal for aquaculture. Their appraiser used an income flow approach to valuation, and arrived at a total worth of $1,450,000 for the petitioners' parcel. The Town's expert, in contrast, concluded that the

highest and best use of the underwater tract would be for recreation. Employing the comparable sales method, he assessed the value of the property at $26,500. The court adopted the Town's approach to valuation, as well as its conclusion. We affirm.

Assuming without deciding that aquaculture would be a permitted use in an R-80 Residential Zone, the petitioners failed to establish that their underwater parcel was usable for such a purpose. Although the petitioners alleged that clams grew naturally in their portion of the pond, no clams have been harvested there since roughly 1960. Moreover, although the petitioners had planted oyster seeds on 1.3% of their acreage, there were no objectively verifiable results from the planting because oysters were never harvested. In addition, even if the planting were successful, it cannot be determined from the record whether the same sandy bed conditions existed throughout the petitioners' parcel.

Although comparable underwater plots were available for resale and/or rental comparison, the petitioners' expert ignored them because, according to him, the petitioners' parcel was unique. Instead, he chose to value the real estate based upon his assessment of the anticipated business's gross profits (*see, e.g., Niagara Falls Urban Renewal Agency v Gorge Term. Realty Co.,* 92 AD2d 719; *Humbert v State of New York,* 278 App Div 1041, *affd* 303 NY 929). However, it is improper to value property based upon the capitalization of a non-existent stream of income from a projected future improvement when the direct sales comparison method is available (*see, Matter of Consolidated Edison Co. [1521 Sq.],* 193 AD2d 603, 604; *see also, Matter of City of New York [Atlantic Improvement Corp.],* 28 NY2d 465; *Arlen of Nanuet v State of New York,* 26 NY2d 346). Therefore, the petitioners' expert's assessment was properly rejected, and the court providently exercised its discretion in accepting the well-documented comparables offered by the Town's appraiser (*see, Levin v State of New York,* 13 NY2d 87, 92; *Matter of Consolidated Edison Co. [1521 Sq.], supra*). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.