**UNITED STATES of America,
Appellant,**

v.

**CERTAIN LANDS IN the CITY OF STATESBORO, COUNTY OF BULLOCH, STATE OF GEORGIA, and Mrs. Latrelle Addison, et al., Appellees.**

No. 21039.

United States Court of Appeals
Fifth Circuit.
Feb. 25, 1965.

apartments and storage. Three of the five tracts taken fronted on a heavily traveled thoroughfare which passes through the business section of Statesboro. The other two tracts taken fronted on an unpaved street at the rear of the three tracts. All of the land is located in an area of the city known as the "fire zone" within which any legal type of building may be constructed.

Pursuant to Rule 71A(h), F.R.Civ.P., the District Court appointed a Commission to determine just compensation. After conducting a hearing, the Commission awarded the landowners a total of $90,500 in a report which, at a hearing held December 20, 1962 on objections thereto, the Court and all parties recognized to be plainly inadequate.[1] Counsel for the landowners were then directed by the Court to prepare an amended report and to submit it to the Commissioners for their approval and signatures.

The amended report was filed on January 28, 1963. In it the Commission reiterated its earlier conclusions, but made more detailed findings and gave reasons therefor. This report was adopted by the District Court, and judgment thereon was entered. The United States has appealed.

Roger P. Marquis, George R. Hyde, Dept. of Justice, Ramsey Clark, Asst. Atty. Gen., Washington, D. C., Donald H. Fraser, U. S. Atty., Savannah, Ga., W. Reeves Lewis, Asst. U. S. Atty., Savannah, Ga., for appellant.

William J. Neville, Cohen Anderson, Statesboro, Ga. (Neville & Neville, Statesboro, Ga., Anderson & Sanders, Statesboro, Ga., of counsel), for appellees, Latrelle Addison and others.

Before BROWN and BELL, Circuit Judges, and SPEARS, District Judge.

SPEARS, District Judge.

This is a condemnation case. The lands involved were taken for a federal building and post office in Statesboro, Georgia. The United States obtained title to the land by filing a Declaration of Taking on July 19, 1961.

On the date of taking, the subject land, consisting of five tracts and the improvements thereon, was being used for private residences, rental property,

■ The government first says that the procedure used to cure the inadequacy of the original Commissioners' report was erroneous and prejudicial to the United States. This contention is based upon the conduct of the Court in directing counsel for the landowners to prepare the amended report, and it assumes that the Court's directions were carried out. While the record itself is silent as to just what was actually done in that regard, counsel for the landowners unequivocally assert in their brief that the Commissioners themselves prepared, signed and filed the amended report, and that "counsel for the landowners had absolutely nothing to do with the content, or preparation of said amendment". This statement has not

1. See United States v. 2,872.88 Acres of Land, More or Less, in Clay and Quitman Counties, (5th Cir., 1962) 310 F.2d 775.

been controverted, so we accept it at face value, and conclude that the amended report was prepared by the Commissioners, and that it reflects "the path followed by the Commissioners in reaching the amount of the award",[2] rather than speculation by counsel for the landowners as to the path the Commissioners might have followed.

■ We agree, however, with the government's next contention that the Court's confirmation and approval of the Commissioners' award was not based on a proper review of their action.

A reading of the colloquies between the trial judge and counsel at the December 20, 1962 hearing on the objections to the Commission's original report, and at the subsequent hearing held on May 5, 1963, after the Commission had filed its amended report, compels the conclusion that the judge relied upon the lawyers' versions of the evidence adduced before the Commission in arriving at his decision, rather than the transcript of that evidence. In this connection, counsel were called upon at the first hearing to advise the Court concerning such things as the amount of the award, the number of tracts and owners involved, the range of testimony as to value by the landowners, the nature of the landowners' evidence as to value, the sufficiency of the evidence to support the award, the testimony of others than the owners as to value, and whether the witnesses used valid comparable sales in support of their estimates of value. Similarly, at the second hearing the judge sought advice regarding the number of comparable sales used by the witnesses who had testified as to value, and after vainly urging the parties to settle, he stated that he would go along with the valuation of the Commission, because he thought that there was evidence to substantiate it, and that it was fair, "taking

everything into consideration". His formal order overruling all objections and confirming the report of the Commissioners, recited that "after careful attention and consideration to each contention made and oral argument by counsel for both defendants and plaintiff, the Court being fully advised in the premises, it is considered, ordered and adjudged * * that the report of the Commission, as amended, be confirmed and approved and its findings of fact and conclusions of law are adopted as the findings and conclusions of this Court".

Appellees insist that the foregoing oral and written statements of the trial judge show that he did consider the transcript. However, when this matter is viewed against the background of what actually transpired during the two hearings, we cannot so construe any of the language used. On the contrary, we are convinced from the record that the distinguished trial judge must have felt that the information he had obtained from counsel was sufficient, and that it was not necessary for him to review the transcript itself.

■ Under the "clearly erroneous"[3] concept, a finding is to be set aside "when although there is evidence to support it, the reviewing Court on the entire evidence is left with the definite and firm conviction that a mistake has been committed".[4] We do not interpret this to mean that it is incumbent upon the district judge in every case to read the transcript verbatim.[5] Rather, we think the phrase "entire evidence" as used means all evidence relevant to the particular finding under attack. Certainly the reviewing Court is not required, sua sponte, to conduct its own search for error, and, in the absence of objections, it may properly discharge its functions without even having been supplied

2. United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964).

3. F.R.Civ.P. 52(a) and 53(e)(2).

4. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746.

5. United States v. Lewis, (9th Cir. 1962), 308 F.2d 453, 461.

with a transcript.[6] The question in each case is simply whether the objections when made are such that the district court's review, founded thereon, could reasonably have been expected to produce an intelligent resolution of the disputes presented.[7]

The objections filed by the government in this case complained that each report of the Commission was inadequate in several respects, that the award was excessive and not based on substantial evidence, that the Commission had erred in many of its rulings upon objections to evidence received from the landowners, and that it had admittedly relied upon a sale which it had properly excluded as not being comparable.

The transcript of the evidence before the Commission covers 275 pages. Ten witnesses appeared, and testimony as to the fair market value of each tract, based upon its highest and best use, not similar in any respect to the use to which it was being put when taken, was highly conflicting.

■ Under the circumstances of this case, it is our opinion that the basic objections of the government could not receive proper consideration without a review of the record by the district court, in order to test the findings of the Commission under the "clearly erroneous" standard in the light of a first-hand

knowledge and understanding of its relevant portions.[8] The assistance of counsel "in pinpointing both the specific issues under attack and the relevant portions of the record demonstrating the asserted presence or absence of evidence", as important as it is, could not relieve the Court of this burden.[9]

■ Since this case will be remanded to the trial court for it to determine in the first instance, after a review of the record,[10] whether the Commission's report (in two parts) is "clearly erroneous", within the meaning of Rule 53(e)(2), we do not reach the government's third point that the award is not supported by substantial evidence.[11]

On remand, the District Court's "informed discretion will be used to determine whether the matters should be resubmitted in whole or in part" to the Commission, under proper instructions,[12] "or whether, in light of the exigencies of the particular case, the Court should itself resolve the * * * (dispute) on the existing * * * (record), or on * * * (that record) as supplemented by further evidence".[13]

The judgment is reversed and this case is remanded to the District Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

6. Ibid.

7. Ibid.

8. See United States v. Lewis, supra note 5; and United States v. Benning, (9th Cir. 1964), 330 F.2d 527, 530.

9. W. R. B. Corporation v. Geer (5th Cir. 1963), 313 F.2d 750, 753.

10. It may well be that, as the landowners argue, the first Allen sale, which took place prior to the declaration of taking, afforded an ample basis for the Commission's finding of value. In their amended report the Commissioners stated that they considered that sale to be comparable, and pointed out that there was testimony showing the price paid to have been approximately $2.00 per square foot, which was the valuation used as one of the bases for their award. But in

view of the government's contention that the sale was not a comparable one, and that no witness testified his opinion as to value was predicated thereon, the district court must first make his decision on this, as well as with respect to any other matters presented by the objections, pursuant to a proper application of the clearly erroneous standard. Our review is of the judicial determination made by the district court, not the report of the Commissioners. United States v. Twin City Power Company of Georgia, (5th Cir. 1958), 253 F.2d 197, 201; United States v. Tampa Bay Garden Apartments, Inc., (5th Cir. 1961), 294 F.2d 598, 603.

11. United States v. Merz, supra note 2.

12. Ibid. 376 U.S. at 198, 84 S.Ct. at 643.

13. Ibid. at 200, 84 S.Ct. at 644.