174 So.2d 71 (1965)
Jacobo MATHOR, Gregorio Heller and Alexander Bournoukain, a partnership, Appellants,
v.
LLOYD'S UNDERWRITERS and British Companies Subscribing Certificates of Coverage Nos. 7540 and 7541, Appellees.
No. 64-672.
District Court of Appeal of Florida. Third District.
March 23, 1965.
Rehearing Denied May 4, 1965.
William A. Stern II, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Shaw, Pittman, Potts, Trowbridge & Madden, Washington, D.C., Jack Block, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
This is an appeal from a summary judgment granted in an action brought by the appellants to recover for loss of cargo insured by appellees against certain risks including confiscation. The judgment entered by the circuit court set forth the facts and disposed of the questions of law involved, as follows:
"A motion having been made by the defendants herein for summary judgment in the defendants' favor and against the plaintiffs, on the ground that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law, and the Court having heard oral argument by counsel for the respective *72 parties, considered the pleadings in the action and all the attachments thereto, the depositions on file, the affidavit attached to defendants' motion, the memoranda of points and authorities filed by the parties, and due deliberation having been had, the Court finds the following material facts as to which there is no genuine issue and states the following conclusions of law:

"Material Facts as to which there is no Genuine Issue:
"1. On April 19, 1961, defendants issued certificates of coverage evidencing that defendants had insured plaintiffs' cargo for a period of one year therefrom, against all risks of loss including loss by confiscation. These certificates contain the following typewritten words: `Warranted all Necessary Permits Obtained.'
"2. On June 27, 1961, plaintiffs' cargo was confiscated by the Bolivian Government upon the charge that it was contraband merchandise which had been transported illegally into Bolivia. Such cargo has never been released or returned to plaintiffs.
"3. On February 22, 1962, defendants issued formal policies of insurance to plaintiffs in lieu of the certificates of coverage dated April 19, 1961. The first of these (No. F7912A) insured plaintiffs' cargo against all risks of loss except confiscation, and the second (F7912B) insured plaintiffs' cargo against confiscation risks only. The confiscation policy contained the following standard language which amplified and was not inconsistent with the language of the original certificates of coverage:
"`Warranted that at the time of attachment of risk dispatch of any consignment insured hereunder shall not be contrary to laws of country in which goods are situate or through which transit will take place, and warranted all necessary permits otherwise no liability to attach hereunder.'
"4. The Bolivian Government conducted hearings pertaining to the charge of smuggling where testimony was heard and evidence was presented before the District Administrator of Customs at La Paz, Bolivia. A decision was rendered by the District Administrator of Customs on June 17, 1962, finding, inter alia, that plaintiffs' cargo had been transported into Bolivia without the proper legal documents having been obtained, and that the introduction of the cargo into Bolivia was in violation of the customs laws of Bolivia. On the basis of those findings, the District Administrator entered an order declaring the cargo contraband, and decreeing its confiscation and sale at auction. Following appellate proceedings before the National Jury of Customs of Bolivia, the National Jury of Customs issued its decision dated May 20, 1963, affirming the order of the District Administrator. Under the law of Bolivia, the time allowed for appeal of the verdict of the National Jury of Customs has elapsed and the proceedings are now final.

"Conclusions of Law
"1. The order of the District Administrator of Customs at La Paz, Bolivia, and the verdict of the National Jury of Customs of Bolivia are valid on their face and entitled to a presumption that the tribunals passing upon the matter had jurisdiction, that due notice was given, that the proceedings were regular and that the orders are free from fraud and prejudice. This presumption has not been overcome by the plaintiffs.
"2. The Court recognizes Bolivia as a sovereign government with a civilized jurisprudence and laws regulating its custom matters, and gives full effect to the findings and conclusions in the order of the District Administrator of Customs at La Paz and the verdict of the National Jury of Customs of Bolivia.
"3. The plaintiffs are not entitled to recover under the certificates of coverage because *73 they breached the warranty that all necessary permits be obtained; the plaintiffs are not entitled to recover under the standard cargo policy (No. F7912A) because loss by confiscation is excluded from the risks covered by that policy; and the plaintiffs are not entitled to recover under the confiscation only policy (No. F7912B) because they breached the warranties in that policy that the dispatch of the cargo would not be contrary to the laws of the country through which it passed and that all necessary permits would be obtained.

"It is, therefore, hereby
"Ordered and Adjudged that the defendants' Motion for Summary Judgment be and the same is hereby granted and that Summary Final Judgment be and the same is hereby entered in favor of the defendants, Lloyd's Underwriters and British Companies subscribing Certificates of Coverage Nos. 7540 and 7541 and Policies No. F7912A and F7912B, and against the plaintiffs, Jacobo Mathor, Gregorio Heller and Alexander Bournoukain, a partnership, and that said plaintiffs shall take nothing by their suit and the defendants shall go hence without day and recover their costs to be taxed at a later date by separate order."
We agree with the holding of the able trial judge that the plaintiffs-appellants made no sufficient showing below to overcome the presumption of the validity of the foreign adjudication. See Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95; Croudson v. Leonard, 8 U.S. (4 Cranch) 434, 2 L.Ed. 670.
Appellants' contention that the foreign adjudication did not find or hold there was a breach of warranty is not borne out by its wording.
No reversible error having been made to appear, the judgment is affirmed.
Affirmed.