**R. C. MILLS and wife, Olivia Mills,**
**Appellants,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 21670.**

United States Court of Appeals
Fifth Circuit.

March 11, 1966.

Mike McKool and McKool & McKool, Dallas, Tex., W. V. Dunnam, Waco, Tex., for appellants.

Raymond N. Zagone, Roger P. Marquis, Attys., Ramsey Clark, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and MORGAN, District Judge.

MORGAN, District Judge:

This is an appeal from an award by a district court in a condemnation action. The property condemned consists of approximately 40.85 acres of land, owned by appellants, for use in the Waco Res-

ervoir Project in the Brazos River Basin, Texas. The matter was referred by the District Court to a commission, as authorized by Rule 71A, Federal Rules of Civil Procedure, 28 U.S.C.; the findings of fact and conclusions of law of the Commission were adopted by the trial court.

The appellants present six grounds for appeal which may be generally summarized as: (1) errors in the rejection of evidence offered before the Commission; (2) insufficiency of evidence in support of certain findings of the Commission; and (3) error of the trial court in appointing a commission where both parties had requested a jury trial.

The appellants contend that the Commission erred in refusing to allow Mr. Dunnam to testify. Mr. Dunnam was one of the appellants' attorneys, and was called as a rebuttal witness to testify as to the value of the land in question. While the record shows that Mr. Dunnam was apparently qualified to testify as to the value of the land, he announced to the Commission that he was not competent to testify as to the value of any building on the property. Improvements on the property included a main residence, outbuildings and lakeside cabins.

■ Each party offered expert witnesses who testified as to the value of the property as a whole. This evidence was essentially cumulative and in view of this we need not determine whether this exclusion was required by the rule which restricts use of opinions as to separate elements of the property. See United States v. Certain Parcels of Land in Rapides Parish, La., (C.A.5, 1945) 149 F.2d 81; DeVou v. City of Cincinnati, (C.A.6, 1908) 162 F. 633. If there was error, it was not harmful. 28 U.S.C.A. § 2111 Rule 61, Federal Rules of Civil Procedure.

■ The Court finds no merit to the appellants' contention that they were not permitted to elicit testimony regarding government appraisals of adjacent tracts of land. The Commission sustained the government's objection as to appraisals of other tracts in the project which appraisals were not made by the government appraiser under examination. The appellants stated before the Commission that it was their intention to "identify the person" who appraised the other tracts and call him as a witness. It appears that the identity of the other appraiser was ascertained, but this individual was never called, and the Commission's ruling was proper.

■ Under Rules 71A and 53(e) (2), Federal Rules of Civil Procedure, the "clearly erroneous" standard is to be applied in reviewing the findings of the Commission. There is ample support in the record for the material findings of the Commission, and the errors asserted in this regard are without merit. See United States v. Crescent Amusement Company, 323 U.S. 173, 180, 65 S.Ct. 254, 89 L.Ed. 160, 167; United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629.

■ Both parties requested a jury trial to determine the amount of compensation due; however, the District Court appointed a commission as provided in Rule 71A, Federal Rules of Civil Procedure. This Court has previously held that error in the appointment of a commission does not require reversal, and we adhere to that conclusion in this case. United States v. Leavell & Ponder, Inc., (C.A.5, 1961) 286 F.2d 398, 407, cert. den. 366 U.S. 944, 81 S.Ct. 1674, 6 L.Ed. 2d 855; United States v. Tampa Bay Garden Apartments, Inc., (C.A.5, 1961) 294 F.2d 598.

The judgment of the District Court is affirmed.