UNITED STATES of America, Plaintiff-Appellant,

v.

573.88 ACRES OF LAND, MORE OR LESS, situated IN CRAWFORD ET AL., COUNTIES, STATE OF INDIANA, et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

1,020.21 ACRES OF LAND, MORE OR LESS, situated IN CRAWFORD ET AL., COUNTIES, STATE OF INDIANA, et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

950.12 ACRES OF LAND, MORE OR LESS, situated IN CRAWFORD ET AL., COUNTIES, STATE OF INDIANA, et al., Defendant-Appellees.

Nos. 75–1311, 75–1463, 75–1464.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1975.

Decided March 25, 1976.

848

Raymond N. Zagone, Atty., Dept. of Justice, Washington, D. C., James B. Young, U. S. Atty., Indianapolis, Ind., for plaintiff-appellant.

Joe Vol Butt, Frederick P. Bamberger, Evansville, Ind., Gary E. Becker, Tell City, Ind., for defendants-appellees.

Before PELL and BAUER, Circuit Judges, and WHELAN,* District Judge.

BAUER, Circuit Judge.

This is an appeal by the United States from the decision of the trial court to accept various condemnation commission reports despite government objections. The issue on appeal is whether the commission reports are so conclusory so as to preclude effective judicial review, contrary to the Supreme Court's decision in *United States v. Merz*, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964). We affirm.

The facts indicate that the United States brought actions to acquire fee simple title to lands owned by defendants-appellees in Crawford, Dubois and Orange Counties, Indiana, for the Patoka Reservoir Project. The trial court appointed a commission, pursuant to Rule 71A(h) of the Federal Rules of Civil Procedure, to determine just compensation.

The commission, composed of an experienced attorney, an experienced real estate broker, and a retired government postmaster, received written instructions from the trial judge as to what criteria should be used in evaluating the evidence presented at the hearings. They were also instructed to determine the amount of just compensation to be awarded solely from the evidence presented.

The government objected to the various reports of the commission as being in contravention of *United States v. Merz, supra*, for the reason that the reports allegedly fail to reflect the "path" followed by the commissioners in reaching the amount of the award. In *Merz* the Supreme Court stated that:

"Commissioners, we assume, will normally be laymen, inexperienced in the law. But laymen can be instructed to reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, . . . The path followed by the commissioners in reaching the amount of the award can, however, be distinctly marked. Such a requirement is within the competence of laymen; and laymen, like judges, will give more careful consideration to the problem if they are required to state not only the

---

* The Hon. Francis C. Whelan, United States District Court for the Central District of California, is sitting by designation.

end result of their inquiry, but the process by which they reached it." 376 U.S. at 198–199, 84 S.Ct. at 643, 11 L.Ed.2d at 634.

In the *Merz* case, the Supreme Court reviewed two different commission reports. In one report, No. 65, the district court involved had given no instructions to the commission and the report and a supplemental report simply specified the government's right to take; that just compensation was determined by subtracting the value of the landowner's interest after the take from the value before; the use to which the government would put the area; and that certain evidence was stricken from the record.

In the second report, No. 79, the commission included capsule accounts of the testimony taken in addition to the items in No. 65. The Supreme Court noted that the commission report in No. 79 awarded amounts in excess of any testimony introduced without explanation and the commission awarded severance damages without any indication as to the basis for them.

After reviewing the facts, Justice Douglas pointed out the necessity for careful instructions to be given by the district court to the commission on every aspect of the law involved and on the kind of report to be filed. The Court further noted that conclusory findings alone are not sufficient, although it is not necessary for every contested issue to be resolved by a separate finding of fact. The Court made it clear that in *Merz* it was outlining broad guidelines to be followed in succeeding reports, and remanded the reports involved for proceedings in conformity with the opinion. However, the Court also made it clear that it was not requiring "detailed findings such as judges do who try a case without a jury."

■ In the appellate decisions since *Merz* it is clear that the commissioners are not required to explain the exact thought processes they utilized nor are they required to develop and apply a mathematical formula which can be programmed, compu-

terized and then reviewed by the district court like an algebraic equation. *United States v. 124.84 Acres in Warrick County, Indiana*, 387 F.2d 912 (7th Cir. 1968); *Chandler v. United States*, 372 F.2d 276 (10th Cir. 1967).

The reports filed in this case show that the commissioners considered the opinions of experts for both sides, reviewed the nature, location, and use of the land, improvements on the land, access to the improvements, comparable sales of land in the area, whether or not special benefits were attributable to the remaining property as a result of the project. The commission then concluded in the various reports that it could not rely upon the testimony of any one expert. Furthermore, in each report the commission noted the highest and best use of the land, as well as specifying that they relied more upon a market data approach than upon an income approach in reaching a determination of just compensation. It is clear that the commissioners rejected certain evidence but nevertheless relied upon a fair preponderance of the evidence presented in reaching its conclusions.

■ The government argues basically that the commissioners failed to explain why they rejected certain evidence and that they relied on their own expertise instead of the evidence presented. But as stated previously we do not think the *Merz* decision requires the commission to explain every step in reaching its award. Weighing the conflicting testimony presented by various experts is a difficult task but it is a permissible means or "path" in determining an award.

In *Chandler v. United States, supra*, the court was presented with a situation quite similar to this case. The commission also rejected some of the testimony of the experts, weighed the cumulative evidence, and arrived at an award. In reviewing the award in light of *Merz* the court stated:

"The report clearly reflects, in summary, all of the evidence considered by the commission. This evidence shows tract

# 55 to be of higher value than tract # 52, although each of the expert witnesses placed a different value on the tract and no one of them agreed with the value fixed by the option purchase agreement. The award was within the range of the evidence. The commission simply found itself in the same position as a jury, when confronted by conflicting evidence, and was compelled to use its best judgment in arriving at an award within that range." 372 F.2d at 280.

We believe the awards made here were within the range of the evidence presented.** The commission found itself confronted by conflicting evidence and was required to use its best judgment in arriving at a decision. Its report clearly indicates the basis for the awards. This Court will not upset the awards unless there is some showing that they are clearly erroneous. *United States v. 44.00 Acres of Land*, 234 F.2d 410 (2d Cir. 1956); *United States v. Certain Parcels of Land*, 384 F.2d 677 (4th Cir. 1967); *Mills v. United States*, 357 F.2d 659 (5th Cir. 1966); *United States v. Corbin*, 423 F.2d 821 (10th Cir. 1970). Accordingly the judgment of the trial court is affirmed.

AFFIRMED.

** A summary of the range of value testimony and the awards is as follows:

| Tract No. | Government | Landowners | Commission |
|---|---|---|---|
| 323 | $16,275 | $ 39,710 | $22,700 |
|  |  | 35,000 |  |
| 222 | 47,000 | 95,200 | 77,000 |
|  | 47,900 | 100,000 |  |
| 414 | 51,200 | 88,000 | 80,500 |
|  | 55,000 | 104,000 |  |

| Tract No. | Government | Landowners | Commission |
|---|---|---|---|
| 517 | 30,225 | 52,580 | 42,000 |
|  | 30,350 |  |  |
| 233 | 40,000 | 89,120 | 70,200 |
|  | 43,700 | 108,000 |  |
| 419 | 34,600 | 87,000 | 63,000 |
|  | 38,250 | 90,000 |  |
| 437 | 7,500 | 14,000 | 13,860 |
|  | 7,800 | 22,930 |  |