**CORPORACION SALVADORENA de CALZADO, S.A. (CORSAL, S.A.), a Salvadorean corporation, Plaintiff,**

v.

**INJECTION FOOTWEAR CORPORATION, a Florida corporation, Defendant.**

**No. 77–2731–Civ–SMA.**

United States District Court,
S. D. Florida,
Miami Division.

Feb. 18, 1982.

---

Robert J. Schaffer, Helliwell, Melrose & DeWolf, Miami, Fla., for plaintiff.

L. George Scheer, Miami Beach, Fla., Roger Barry Davis, Davis & Feig, Miami, Fla., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR REJECTION OF SPECIAL MASTER'S REPORT, ADOPTING SAME, AND GRANTING SUMMARY JUDGMENT FOR DEFENDANT

ARONOVITZ, District Judge.

### The Nature of the Action

THIS CAUSE came on to be heard before the Court on February 5, 1982, upon Plaintiff's Objections and Amended Objections to Report of the Special Master and Motion for Rejection of same. For reasons set forth below, this Court, having had the benefit of the oral argument of counsel, having studied the Plaintiff's Objections, Amended Objections, Motion and Memorandum and Defendant's Responses in Opposition thereto, and having reviewed the record in this cause, has determined and concluded that Plaintiff's Objections, Amended Objections and Motion should be DENIED in their entireties and that the Special Master's Report and Recommendations should be adopted in its entirety, pursuant to which summary judgment shall be entered herein in favor of Defendant.

In September, 1980, this Court entered an Order of Reference pursuant to Fed.R. Civ.P. 53, appointing Professor Daniel Murray of the University of Miami School of Law as Special Master in this cause and directing Professor Murray to file a Report to the Court addressing eight (8) enumerated issues presented (Order of Reference, docket # 125). At that time, Cross-motions for Summary Judgment were pending before the Court in this action brought by Plaintiff to domesticate a judgment against Defendant obtained in the Fifth Civil Court for the District of San Salvador of the sovereign state of El Salvador.

The dispute in El Salvador arose out of a contract between the parties whereby Defendant was to supply Plaintiff with raw materials for the manufacture of footwear. The contract provided that in the event of a dispute, the parties would proceed through an arbitration procedure in El Salvador. Plaintiff commenced arbitration proceedings in El Salvador and, despite Defendant's absence, obtained an arbitrator's award in favor of Plaintiff which was ultimately reduced to judgment in the Fifth Civil Court. It is this judgment which Plaintiff seeks to domesticate in this United States District Court for the Southern District of Florida.

Defendant contends that the proceedings which resulted in the judgment against it not only violated El Salvador law in every respect, from the commencement of the arbitration proceedings in its absence to the

confirmation of the award without prior notice to Defendant by the Fifth Civil Court, but also that for this Court to domesticate the El Salvador judgment would violate Defendant's right to due process of law under both the United States and State of Florida constitutions.

The issues thus presented for resolution are extremely complex, involving issues of the law of El Salvador, the United States and the State of Florida, in addition to conflicts of law. More importantly, the issues raised are constitutional in dimension, involving both the United States Constitution and the Florida Constitution. The matter at hand is further complicated by the language barrier, in that many of the relevant documents are in Spanish, as well as the fact that in various pertinent respects, the law of El Salvador comes within the Bustamante Code, to which El Salvador is a signatory but the United States is not. An additional problem is that El Salvador does not, of course, follow the common law system of jurisprudence.

In support of their respective Motions for Summary Judgment, the parties submitted several affidavits from "experts" familiar with El Salvador law, who stated their opinions as to whether El Salvador law was complied with in the instant case. Most of these affidavits are in the original Spanish with English translations. However, as set forth in the Order of Reference, the experts for the respective sides contradict each other in every material respect. This difficulty is compounded by the need to translate not only the affidavits of the parties, but the statutes upon which those affidavits are based. At the filing of the Cross-motions for Summary Judgment, as now, there were no material facts in dispute so as to preclude an award of summary judgment. The material facts were known to the parties and evident in the record essentially as set forth in the Special Master's Report and Recommendations (docket # 157), and reached independently by the Court. Thus, what was referred to the Special Master for determination were questions of law, not fact, which are susceptible of resolution on summary judgment. Under Fed.R.Civ.P. 44.1, the determination of foreign law is a question of law which can properly be resolved on summary judgment.

Based upon the foregoing, this Court concluded that the most satisfactory means of reaching an ultimate decision in this case was through the appointment of a special master pursuant to Fed.R.Civ.P. 53, who has expertise in Latin American law and is fluent in the Spanish language, as set forth in this Court's Order of Reference. See Heiberg v. Hasler, 1 F.R.D. 737 (E.D.N.Y. 1937). Although the Court recognizes that the appointment of a special master is the exception and not the rule, the Court determined that the exceptional circumstances here presented justify the reference. This Court has by prior Order denied Plaintiff's Motion to Vacate the reference of this matter to the Special Master and hereby reaffirms said reference and adheres to its prior rulings upon this subject in every respect.

The Order of Reference directed the Special Master to address the pending Cross-motions for Summary Judgment and to make a preliminary determination as to whether summary judgment for either party was appropriate on the state of the record then existing. The Order further specified:

> Should the Special Master find that summary judgment is inappropriate on the state of the record and that further evidentiary hearings are required, he is empowered to conduct such evidentiary hearings herein.

The Special Master held two hearings in this cause to obtain testimony by experts in the law of El Salvador offered on behalf of both parties. Inasmuch as the Special Master made no preliminary pronouncement that summary judgment was inappropriate on the state of the record and that further evidentiary hearings were required, Plaintiff asserts a technical violation of the Order of Reference provision set forth above. However, this Court finds that even absent a formal finding, implicit in the Special Master's decision to hold evidentiary hearings on expert opinions as to the applicable

law is the preliminary determination that the existing record was insufficient to support an award of summary judgment. Further, as noted herein, the Court had previously determined that the expert affidavits submitted by the parties on the law of El Salvador were conflicting and contradictory in every material respect. The Special Master agreed with the Court's views in this regard as set forth in his Report and Recommendations (docket # 157 at page 5), wherein the Special Master concludes that "the 'opinions' have been of little, if any, use to the Master." Further, the express provisions of Fed.R.Civ.P. 44.1 provide a very broad scope of inquiry in the determination of foreign law. *See Kalmick v. Bruno,* 553 F.2d 549 (7th Cir. 1977).

Rule 44.1 provides in pertinent part:

> The Court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.

Inasmuch as the determination of foreign law pursuant to Rule 44.1 was the precise task referred to the Special Master, he is clearly empowered under the terms of the Order of Reference and the provisions of Rule 44.1 to hold the hearings objected to by Plaintiff. Further, the Special Master's Notices of Hearing clearly and carefully limited the testimony to be taken to issues of foreign law (docket # # 139, 140). The objections of Plaintiff as to the hearings held by the Special Master are without merit and must be overruled.

Plaintiff further alleges various technical violations by the Special Master of the timing provisions of Fed.R.Civ.P. 53. However, Plaintiff cites no authority for rejecting the Special Master's Report and Recommendations on this ground, nor does Plaintiff demonstrate any prejudice as a result of the alleged non-compliance, other than the inherent delay in ruling. Thereupon, Plaintiff's objections in this regard must likewise be overruled.

Plaintiff refers the Court to several Motions to Strike Affidavits directed to the expert affidavits submitted on behalf of both parties. These Motions, filed by both Plaintiff and Defendant, were pending when the matter was referred to the Special Master. Neither the Court nor the Special Master made any specific ruling or recommendations as to the disposition of these Motions, but both the Court and the Special Master found the affidavits themselves to be of no assistance in the resolution of the questions of law presented. Thereupon, the Motions to Strike Affidavits shall be denied as moot, inasmuch as striking affidavits or portions thereof can serve no useful purpose at this juncture.

### Findings of Fact

This Court hereby adopts the Special Master's Statement of Facts as set forth in his Report and Recommendations (docket # 157 at pages 1–5), which may be summarized as follows:

Plaintiff and Defendant entered into a formal written contract in the City of San Salvador, the capital of El Salvador, on May 23, 1973, which contract was recorded under the law of El Salvador. Paragraph Seven (7) of this agreement provides as follows:

> Any differences arising between the parties by reason of the interpretation or execution of this agreement must necessarily be resolved by means of arbitrating arbitrators, who shall be named one by each party, and these, before taking possession of their commissions, shall name a third in order to resolve any discord. In the event that they do not reach agreement on the appointment of a third arbitrator, the latter shall be named by the First Judge of Civil Jurisdiction of this Judicial District.

On August 21, 1976, Plaintiff instituted proceedings for the compelling of arbitration and the appointment of "friendly arbitrators" with the filing of its petition in the Fifth Civil Court, San Salvador. The Fifth Civil Court accepted the petition of Plaintiff and ordered that a writ be issued directing Defendant to designate its "friendly arbitrator" within thirty (30) days after it was notified of the court's order. A Letter Rogatory was issued by the court and it

was delivered to the Foreign Minister of El Salvador, who delivered it to the American Embassy in San Salvador.

Mr. James P. Bell, Jr., who was the Commercial Attache in the American Embassy, mailed the Letter Rogatory directly to the Defendant by using certified United States mail, addressed to 8730 N.W. 36th Street, Miami, Florida. The letter was received by someone in Defendant's plant on December 6, 1976, and the return receipt was filed by Mr. Bell on January 7, 1977, with the Fifth Civil Court.

The Defendant did not respond to this letter-notice and the Fifth Civil Court appointed a "friendly arbitrator" for Defendant on January 29, 1977. The Fifth Civil Court submitted the matter to the arbitrators on February 3, 1977. The arbitrators, all of whom were and are practicing attorneys, conducted *ex parte* hearings without communicating with the Defendant and the arbitrators awarded Plaintiff the sum of 1,706,723.59 *colones* (approximately $817,-307.28 in U.S. currency, at the exchange rate of $0.48/1 colon as reflected in the record), together with the judicial costs of the arbitration. This award was confirmed by a judgment entered by the Fifth Civil Court on April 28, 1977.

The Defendant was not given personal notice of the application to the Fifth Civil Court for a confirming judgment of the award. The only attempt to notify the Defendant was by means of a subsequent notice of the judgment rendered, which was posted on a judicial bulletin board in San Salvador. Subsequent to the entry of this judgment, a certified copy of the judgment was allegedly mailed to the Defendant and allegedly received on June 3, 1977. Plaintiff is seeking to domesticate this foreign judgment under the law of the State of Florida and jurisdiction of this Court is predicated solely on diversity.

### Issues Referred to Special Master

In its Order of Reference, this Court directed the Special Master to file a Report to the Court stating the Special Master's recommendations on the following enumerated issues:

1. Whether the El Salvador judgment obtained by Plaintiff complies with the procedural requirements of El Salvador law, both in commencing the arbitration proceeding and in reducing the arbitration award to judgment;

2. Whether the American Embassy's delivery of certain papers to the Defendant in the United States constituted sufficient service of process to support the commencement of arbitration proceedings under El Salvador law;

3. Whether an arbitration award entered by default may be reduced to judgment by an El Salvador court without any notice to the defaulting party;

4. Whether the Fifth Civil Court has personal and subject matter jurisdiction to enter its judgment against Defendant in this case;

5. Whether the El Salvador procedures utilized in this case are consistent with the Due Process Clause of the Fifth Amendment of the United States Constitution;

6. Whether Defendant waived any of the said due process rights by contract;

7. Whether there are any outstanding issues of fact precluding summary judgment;

8. Any other matters the Special Master deems appropriate to call to the Court's attention.

As a preliminary matter, the Special Master made a determination that any attempt to domesticate the El Salvadorean judgment must be made under the law of Florida. (Docket # 157 at page 10.) In reaching this conclusion, the Special Master first recognized that Plaintiff here does not seek confirmation by this Court of the arbitral award rendered by the arbitrators in El Salvador. Thus, neither of the two possible statutory bases of federal jurisdiction over arbitral awards, the Federal Arbitration Act, 9 U.S.C. §§ 1–14, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–08, is applicable to this action, by its very

terms. Rather, Plaintiff here attempts to domesticate the foreign judgment confirming the award, which was entered by the Fifth Civil Court. Absent an independent basis of federal jurisdiction for domestication of this foreign judgment, jurisdiction in this Court must be predicated upon diversity and the Court must apply the law of Florida, the forum state, to test the foreign judgment. *See, e.g., Warren v. Warren*, 73 Fla. 764, 75 So. 35 (1917).

Further, although the Special Master agreed with Plaintiff's contention that there is a presumption in favor of the validity of a foreign judgment, under relevant Florida case law, inquiry is permitted into the service of process and due process aspects of the foreign judgment in order to rebut this presumption. *See, e.g., Willson v. Willson*, 55 So.2d 905 (Fla.1952); *Mathor v. Lloyd's Underwriters*, 174 So.2d 71 (Fla.3rd DCA 1965). Based upon his analysis of the enumerated issues set forth above, the Special Master concluded and determined that "as a matter of law, this presumption of validity has been overcome by Defendant and that the judgment from El Salvador should be denied comity recognition in this Court." (Docket # 157 at page 14.)

### Conclusions of Law

The Special Master undertook an extensive review of the applicable statutory provisions under the law of El Salvador, as well as a thorough analysis of due process standards under both state and federal law, as set forth in detail in the Report and Recommendations, in addressing the issues mandated by this Court. In summary, the Special Master rendered the following conclusions and recommendations regarding the enumerated issues:

1. The Special Master concluded that the sequence of events set forth in the factual statement failed to comply with the procedural requirements of El Salvador law, both in commencing the arbitration proceeding and in reducing the arbitration award to judgment. Specifically, as set forth more fully in the Report and Recom-

mendations, the Special Master found that the Defendant was not afforded the requisite notice of the filing of Plaintiff's petition requesting arbitration and the required period of three (3) days in which to answer same and to raise new points for consideration if so desired. (Docket # 157 at page 16.) This preliminary step, which entails a judicial determination in response to the petition that arbitration is to take place and that certain issues proposed by the parties shall be submitted thereto, was never complied with here. As the Special Master concluded, "the Plaintiff and the court skipped this step and the court immediately ordered the defendant to name its arbitrator." (Docket # 157 at page 16.)

■ Further, Defendant was not afforded notice of the Plaintiff's attempt to reduce the arbitration award to judgment as required. Pursuant to the law of El Salvador, after an award has been announced by the arbitrators, they are to return the record of the proceedings to the judge, who thereupon "notifies" said award to the parties, pursuant to which notice the parties may contest said award before the court. As set forth in the Special Master's Report and Recommendations, "the record fails to show that this step was complied with." (Docket # 157 at page 17.) The only attempt at notification of the award was the posting of a notice on the bulletin board in El Salvador. As Plaintiff correctly asserts, in the event that a party has no home in El Salvador or has not designated one, bulletin board notice is permissible under the law of El Salvador. However, as the Special Master determined, this attempted notification occurred only *after* the confirming judgment had been entered by the court and without prior notification to Defendant of Plaintiff's attempt to confirm the award, thus depriving Defendant of any opportunity to contest the arbitral award in the Fifth Civil Court as provided for in the Commercial Code of El Salvador. (Docket # 157 at pages 17–18.)

■ 2. The Special Master concluded that the American Embassy's delivery of certain papers to the Defendant in the

United States, which was accomplished by certified mail, does not constitute sufficient service of process to support the commencement of arbitration proceedings under El Salvador law. Specifically, as a signatory to the Bustamante Code, El Salvador requires that Letters Rogatory or Letters Requisitorial be sent by the issuing El Salvadorean judge through the executive department of his country to the named judge or court in a foreign country. This was the procedure initiated in this case, but it was aborted when the Commercial Attache of the United States Embassy, Mr. James P. Bell, Jr., mailed the letters to the Defendant, using certified mail (docket # 157 at page 19), rather than transmitting said letters to a United States District Court pursuant to 28 U.S.C. § 1696 as requested by Plaintiff (docket # 157 at page 22). Section 1696 provides as follows:

> (a) the district court of the district in which a person resides or is found may order service upon him of any document issued in connection with a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon application of any interested person and shall direct the manner of service. Service pursuant to this subsection does not, of itself, require the recognition or enforcement in the United States of a judgment, decree, or order rendered by a foreign or international tribunal.
>
> (b) This section does not preclude service of such a document without an order of court.

Pursuant to Section 1696(a), service upon Defendant would have been made by Order of a United States District Court within the Defendant's district of residence, *i.e.*, the Southern District of Florida. Although service could have been made without an Order of this Court pursuant to Section 1696(b), the Special Master concluded, correctly in the Court's view, that any such service must nevertheless comport with Fed.R.Civ.P. 4. The relevant provisions of Rule 4 require that service on a corporation be made upon "an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process," or alternatively, in accordance with Subsection (i), Alternative Provisions for Service in a Foreign Country. In the instant case, it is undisputed that certified mail was received by "someone" at Defendant's plant in Miami, Florida but the record does not demonstrate that the unknown recipient may be construed as "an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process." The Special Master concludes that, in accordance with 28 U.S.C. § 1696(b) and Rule 4, service may be made in this country "without an order of court," but that at the least, a clerk of the court must send the summons or notice to the Defendant to be notified in this country, and the service of process or notice must be upon a managing officer of the corporation. Neither requisite was satisfied in this case. (Docket # 157 at page 24.) Thus, the Special Master concluded that service of process was insufficient to support commencement of arbitration proceedings.

■ 3. As to whether an arbitration award entered by default may be reduced to judgment by an El Salvador court without any notice to the defaulting party, the Special Master concluded that the answer is in the negative. Under the Code of Civil Procedure of El Salvador, when a defendant fails to answer a complaint, judicial proceedings must be held to declare that the defendant is in default. (Docket # 157 at pages 26–27.) The record fails to demonstrate that this procedural step was complied with in the instant case. Under El Salvadorean law, if a defendant is declared in default, then he is not entitled to notice of subsequent proceedings; conversely, if a default has not been declared, the defendant is entitled to notice of subsequent proceedings. The Special Master characterized the procedural problem posed here as follows:

> The basic problem with the procedures utilized in this case is that the Defendant was treated as if it were in default and

then ignored for the remainder of the proceedings. The Plaintiff is really faced with a "Catch 22" situation: if default procedures were necessary under El Salvadorean law, they were never performed and the proceedings would be invalid, or if default proceedings were not required by law, then the Defendant was denied any semblance of due process because it was never notified of any of the proceedings subsequent to the original attempt to serve process upon it. (Docket # 157 at page 27.)

■ 4. In evaluating the issue of whether the Fifth Civil Court had personal and subject matter jurisdiction to enter its judgment against the Defendant, the Special Master employed the two-pronged analysis required under Florida law: did the Fifth Civil Court of El Salvador have personal and subject matter jurisdiction under the law of that country; and, do the law of El Salvador and the actions of the court so comport with our notions of due process as to accord to the El Salvadorean judgment comity recognition? *Pacific Mills v. Hillman Garment, Inc.*, 87 So.2d 599, 602 (Fla. 1965). (Docket # 157 at page 28.) Preliminarily, the Special Master concluded that Paragraph Seven (7) of the contract between Plaintiff and Defendant, set forth hereinbefore, was a proper submission clause conferring jurisdiction over the arbitration in El Salvador. *See, e.g., The Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). However, said Paragraph Seven (7) did not expressly bind the parties to all the laws of El Salvador. (Docket # 157 at page 34.) Even if the parties had been so bound, as set forth herein it is the Special Master's conclusion that the procedure utilized was violative of El Salvadorean law in the respects specified. In testing the subject matter and personal jurisdiction of the Fifth Civil Court, the Special Master reiterates that the Defendant did not receive notice in accordance with El Salvadorean law, nor did the Defendant appear in the arbitration proceedings, appoint an arbitrator, agree expressly to be bound by some manner of substituted process, nor waive its due process rights as discussed hereinafter. *See Hoffman v. National Equipment Rental, Ltd.*, 643 F.2d 987 (4th Cir. 1981). Pursuant to the above analysis, the Special Master concludes that the defective notice procedure implemented here and discussed in item 2, *supra*, effectively deprived the Fifth Civil Court of both personal and subject matter jurisdiction, to which it would otherwise have been entitled had proper process been followed under the law of El Salvador. *See, e.g., Gilbert v. Burnstine*, 255 N.Y. 348, 174 N.E. 706 (N.Y.1931).

■ 5. Pursuant to the foregoing analytical framework, the Special Master sought to determine whether the notice procedures implemented here "so comport with our notions of due process as to accord to the El Salvadorean judgment comity recognition." *Pacific Mills v. Hillman Garment, Inc., supra.* Following a thorough review of applicable federal and state case law, the Special Master concludes that the notice procedures implemented do not comport with due process notions derived from the Due Process Clause of the United States Constitution and the State of Florida Constitution. *See Jackson v. Stelco Employees' Credit Union, Ltd.*, 203 So.2d 669 (Fla.4th DCA 1976). In the Special Master's view, the notice procedures employed here are defective, in terms of due process, in that they were not reasonably calculated to apprise the Defendant that proceedings had been instituted against him and to afford Defendant the opportunity to defend, as to both the commencement of arbitration and the subsequent attempt to reduce the arbitral award to judgment. (Docket # 157 at pages 35–43.) *See Kentucky River Mills v. Jackson*, 206 F.2d 111 (6th Cir. 1953); *The Island Territory of Curacao v. Solitron Devices, Inc.*, 356 F.Supp. 1 (S.D.N.Y.1973).

■ 6. The Special Master recognizes that when parties agree to arbitration, whether in El Salvador or in the United States, they "give up some of the safeguards which are traditionally afforded to those who go to court." *Affiliated Marketing, Inc. v. Dyco Chemicals & Coating, Inc.*,

340 So.2d 1240 (Fla.2d DCA 1877). (Docket # 157 at page 44.) However, after evaluating Paragraph Seven of the contract between Plaintiff and Defendant, it is the Special Master's conclusion that by including the arbitration clause in the contract, Defendant nevertheless did not agree to surrender certain due process rights, including the orderly process of commencing arbitration through notice procedures required under the law of El Salvador. (Docket # 157 at pages 45–47.)

7. It is the opinion of the Special Master that there are no outstanding genuine issues of material fact precluding the entry of a summary judgment. (Docket # 157 at page 48.)

8. The Special Master brings to the Court's attention the reciprocity doctrine to which Florida adheres, *i.e.*, if the rendering state, El Salvador, would refuse to recognize a judgment of the State of Florida because of a particular defect, then Florida would refuse to recognize a like judgment rendered by El Salvador. *Ogden v. Ogden*, 159 Fla. 604, 33 So.2d 870 (1948); *Warren v. Warren, supra.* The Special Master then concludes that although no formal order or judgment of default was entered in the El Salvadorean court against the Defendant in this case, the actions of the court in ignoring the Defendant (with the exception of posting notice upon the judicial bulletin board) were the virtual equivalent of treating Defendant as if it were in default. Inasmuch as the El Salvadorean judgment constitutes a *de facto* default judgment, it is not entitled to recognition under the law of the State of Florida, in the Special Master's view, because a similar Florida default judgment would not be recognized in El Salvador.

In conclusion, the Special Master sets forth the following specific recommendations:

1. The judgment of the court of El Salvador should be denied comity recognition because said judgment was not obtained by complying with the procedural requirements of the law of El Salvador both in the commencing of arbitration proceedings and in reducing the award to judgment.

2. The judgment should also be denied comity recognition because the method of service of process did not comply with the law of El Salvador nor with the law of the State of Florida.

3. The judgment should also be denied comity recognition because the procedures utilized were not consistent with the Due Process Clause of the Fifth Amendment of the United States Constitution and with Article 1, Section 9 of the Florida Constitution.

4. The judgment should also be denied comity recognition because the validity of the judgment must be tested under the reciprocity law of the State of Florida, and since El Salvador denies recognition of a judgment rendered by default in a foreign country, a federal court applying Florida law should likewise do so because the judgment was a *de facto* judgment in El Salvador.

As set forth in Fed.R.Civ.P. 53, the standard for this Court's review of the Special Master's Findings of Fact is the "clearly erroneous" standard. The Master's factual finding may be disturbed only where the Court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made, even though there may be some evidence to support the erroneous finding. *Trans World Airlines, Inc. v. Hughes*, 308 F.Supp. 679 (S.D.N.Y.1969). The findings of the Special Master come before the Court with a strong presumption of validity. *Mills v. U.S.*, 357 F.2d 659 (5th Cir. 1966). However, the parties are entitled to a review in this Court sufficient to determine whether the findings are clearly erroneous. *Spencer v. Newton*, 79 F.R.D. 367 (D.C.Mass.1978).

In this regard, Plaintiff previously submitted an Application for Instructions to Special Master to Comply with Rule 53, (docket # 159), in which Plaintiff sought to compel the Special Master to produce, at his own expense, a complete transcript of the proceedings held before him. At hearing

upon this matter, the Court ruled that absent a complete transcript of hearing before the Special Master, this Court must accept the Findings of Fact as determined by the Special Master, although the Court may, in its discretion, modify Conclusions of Law reached within the scope of said Findings of Fact. *Bynum v. Baggett Transp. Co.*, 228 F.2d 566 (5th Cir. 1956). (Order, docket # 166.) Further finding that the Special Master is not required to produce such a transcript, the Court ruled that any party who requests a complete transcript must bear the cost therefore; otherwise, each party may, at its election, present excerpts from the hearings for the Court's consideration within the confines of *Bynum, supra.* Neither party produced a complete transcript and thus neither party is entitled to challenge the Special Master's determination of Findings of Fact as set forth in the Special Master's Report and Recommendations.

 The Special Master's Conclusions of Law carry no weight with the Court. *W.R.B. Corp. v. Geer*, 332 F.2d 180 (5th Cir. 1964); *see* Wright & Miller, § 2614. Since Plaintiff has challenged the Special Master's Conclusions of Law, this Court is obligated to undertake a sufficient review of the record herein to determine whether the findings are correct. *U.S. v. Certain Lands in Statesboro, Georgia*, 341 F.2d 742 (5th Cir. 1965). Accordingly, this Court has carefully and thoroughly reviewed the Report and Recommendations as well as pertinent portions of the record herein. Neither in its Memoranda nor at oral argument was Plaintiff able to controvert any specific conclusion of law arrived at by the Special Master. Rather, Plaintiff relied upon general allegations that the Master's conclusions were contrary to the law of El Salvador, the law of the United States and the law of Florida in unspecified respects.[1] Having reviewed the Report and Recommendations, the law cited therein

and pertinent portions of the record in light of Plaintiff's stated objections, the Court has determined said objections to be without merit and has further determined that the Special Master's Conclusions of Law are proper in all respects and shall be adopted in their entirety by this Court. As set forth above, the Court has determined that Plaintiff's other objections to the Report and Recommendations must likewise be overruled. Plaintiff has presented no sufficient ground upon which this Court may reject the Special Master's Report and Recommendations. *Cf. Haverhill Gazette Co. v. Union Feader Corp.*, 333 F.2d 798 (1st Cir. 1964).

The Court having carefully studied the Plaintiff's Objections and Amended Objections to Report of Special Master and Motion for Rejection of same and Defendant's Memorandum in Opposition thereto, having reviewed the Special Master's Report and Recommendations and the record in this cause in detail, and having had the benefit of oral argument and presentations of counsel for both parties, it is accordingly,

ORDERED AND ADJUDGED as follows:

1. The pending Motions to Strike Affidavits submitted on behalf of both parties shall be, and the same hereby are, DENIED AS MOOT.

2. Plaintiff's Objections and Amended Objections to Report of Special Master and Motion for Rejection of same shall be, and the same hereby are, DENIED in their entireties, for reasons set forth at length herein.

3. The Special Master's Report and Recommendations are hereby ACCEPTED, ADOPTED AND RATIFIED by this Court, specifically including the Special Master's Findings of Fact and Conclusions of Law, the responses to the eight (8) enumerated issues set forth in this Court's prior Order of Reference, and the Special Master's four (4) concluding recommendations as set forth herein.

---

1. As can be seen from examination of Plaintiff's Objections and Amended Objections, much of Plaintiff's argument is directed to procedural matters contesting the appointment of the Special Master and the Special Master's handling of this matter. The Court has carefully examined the procedures employed here and does not find error which in any way alters or undermines the Special Master's Report and Recommendations.

4. In accordance with the foregoing, Defendant's Motion for Summary Judgment is hereby GRANTED and Plaintiff's Motion for Summary Judgment is hereby DENIED, costs to be taxed against the Plaintiff upon submission of Bill of Costs form.[2] Award of Special Master's fees is made under separate Order of even date herewith.

2. Issuance of final judgment is withheld pending a ruling upon Plaintiff's Motion to Amend the Complaint, in which Plaintiff seeks to amend to state a cause of action as to the underlying contractual dispute, which the Court has taken under advisement.