Russell **SCIMECA,** Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**No. 89 C 5718.**

United States District Court,
N.D. Illinois, E.D.

April 27, 1990.

---

William M. Phelan, Phelan & Doyle, Chicago, Ill., for plaintiff.

Frederick Branding, Asst. U.S. Atty., Mark A. Winer, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of the defendant, the United States of America, for a summary judgment, pursuant to Fed. R.Civ.P. 56(b).

Plaintiff brought this action to recover an aggregate of $53,965.56 in penalties imposed (1) for his failure to timely file his 1983, 1984 and 1985 federal income tax returns, (2) for his failure to timely pay his 1983, 1984, and 1985 federal income tax liability and (3) for his failure to timely make estimated tax payments for 1984, 1985 and 1986. Plaintiff claims that he "was told by his accountant on numerous occasions that [his] accountant had obtained extensions for filing Form 1040 Individual Income Tax Returns for the calendar years 1983, 1984, 1985, and 1986, and that the returns would be prepared for filing prior to the expiration date of the extensions ..." and that he relied on these representations. Complaint ¶¶ 3, 8. No requests for extensions were in fact made. Plaintiff concludes that his reliance upon these representations is a sufficient basis for a refund of all penalties.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which support his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

Local Rule 12(*l*), (m) also places specific burdens on a movant and respondent, respectively. The defendant has complied with Local Rule 12(*l*). However, the plaintiff has not complied with Local Rule 12(m). Consequently the motion is granted. *See Bell Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103–04 (7th Cir.1990).

Even assuming that plaintiff had not procedurally defaulted, the United States is still entitled to judgment as a matter of law. Plaintiff has alleged in his complaint absolutely no basis for his claim for a waiver or refund of the penalties imposed for his failure to pay estimated income taxes for the years in question. *See* 26 U.S.C. § 6654(a), (e)(3) (waiver is only available where underpayment is due

to casualty, disaster or other unusual circumstances and for certain newly retired individuals).

Plaintiff invokes 26 U.S.C. § 6651(a)(1) and 26 U.S.C. § 6651(a)(2) which provide for the imposition of penalties for the failure to timely file a tax return and the failure to timely pay a tax, respectively, unless the "failure is due to reasonable cause and not due to willful neglect." "Reasonable cause" is not defined in the tax code, but treasury regulations provide that if the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, the delay is due to a reasonable cause. 26 C.F.R. § 301.6651(c)(1). In *United States v. Boyle*, 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), the Supreme Court held that reliance on an agent, such as a professional, to file a tax return does not constitute "reasonable cause" to excuse a penalty for a late filing under § 6651(a)(1). 469 U.S. at 249–52, 105 S.Ct. at 691–93. The Court distinguished reliance upon a professional's advice on a question of law, which it indicated would be sufficient. *Id.* Under *Boyle*, the United States is entitled to judgment as a matter of law.

Accordingly, the motion for summary judgment is granted.

IT IS SO ORDERED.