OLSEN ASSOCIATES, INC., a Florida corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 92–1015 Civ–J–10.

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 9, 1993.

W. Robinson Frazier, Jacksonville, FL, for plaintiff.

Bruce T. Russell, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

HODGES, District Judge.

This is an action to recover corporate income tax penalties alleged to have been erroneously or illegally assessed and collected without authority under the Internal Revenue Laws of the United States. On October 1, 1993, I appointed the United States Magistrate Judge as a special master pursuant to Rule 53 of the Federal Rules of Civil Procedure and directed him to conduct such proceedings as he deemed necessary to the making of a report and recommendation on the case. A hearing was held on October 21, 1993 and the Magistrate Judge has filed his report and recommendation (Doc. 32). Plaintiff has filed its objections to the report (Doc. 33) and Defendant has filed its opposition to Plaintiff's objections (Doc. 37).

Upon this Court's independent examination of the file and upon due consideration of the Magistrate Judge's thorough and well-reasoned report and recommendation, the report and recommendation is adopted and confirmed and made a part hereof. Accordingly, it is hereby ORDERED:

1. Judgment shall be entered for the Defendant and against the Plaintiff as to the penalties assessed pursuant to sections 6651 and 6653 of Title 26 of the United States Code, and pursuant to section 6661 of Title 26 to the extent that such penalties are attributable to Plaintiff's erroneous reporting of its officer compensation expenses.

2. Judgment shall be entered for Plaintiff and against Defendant as to that portion of the section 6661 penalty attributable to Plaintiff's erroneous calculation of various depreciation expenses.

3. The parties are directed to confer and attempt to amicably resolve the amount of the refund to which Plaintiff is entitled and they are further directed to file a stipulation as to such amount with the Court by January 15, 1994, failing which the Court shall make the determination.

4. Judgment shall be withheld pending a final ruling concerning the amount of the refund due.

IT IS SO ORDERED.

DONE and ORDERED.

## REPORT OF SPECIAL MASTER [1]

SNYDER, United States Magistrate Judge.

### Status

This cause is before the undersigned pursuant to the Order (Doc. # 17) entered on October 1, 1993 (hereinafter Reference Order), which referred the above-captioned matter with instructions to "conduct such proceedings ... necessary to the making of a report and recommendation on the case." In accordance with the Reference Order, a non-jury trial of this matter was held on October 21, 1993.

### Findings of Fact

Plaintiff is a Florida corporation incorporated on or about May 27, 1982, which is engaged in the practice of coastal engineering, and maintains its principal offices in Jacksonville, Florida. When Plaintiff filed its initial tax return, its tax year was based on a fiscal year ending on March 31. Plaintiff continued to file its tax returns based on an April 1 to March 31 fiscal year up to the tax year ending on March 31, 1987. As a result of certain amendments to the Internal Revenue Code (IRC), enacted as part of the Tax Reform Act of 1986, Plaintiff was required to adopt as its tax year the calendar year, effective for taxable years beginning after December 31, 1986.

Plaintiff, through its President and sole shareholder Erik Olsen, employed William A. Kelley, a duly licensed certified public accountant (CPA), to prepare its federal corporate income tax returns. Mr. Kelley pre-

---

1. Any aggrieved party may serve written objections upon the other party within ten (10) days after being served with notice of the filing of this document. Application to the court for action upon or in objection to this report shall be made by motion in accordance with Rule 6(d). *See*

Rule 53, Federal Rules of Civil Procedure. Production of a transcript of the proceedings before the undersigned, in whole or in part, shall be the responsibility of the parties. *See Corporacion Salvadorena de Calzado, S.A. v. Injection Footwear Corp.*, 533 F.Supp. 290, 300 (S.D.Fla.1982).

pared all of Plaintiff's tax returns since its incorporation in 1982, and continued to do so as of the day of the trial. In particular, he drafted Plaintiff's balance sheets and profit and loss statements based upon financial information supplied by Plaintiff. He would then prepare the corporation's income tax returns based on such information.

As a consequence of the amendment requiring Plaintiff to adopt the calendar year as its tax year, Plaintiff was required to file a corporate income tax return for the short taxable year beginning April 1, 1987, and ending December 31, 1987 (hereinafter Short Year Return). This return was due on March 15, 1988, but by regulation, the Internal Revenue Service granted an extension for all short year returns until August 15, 1988. The Short Year Return was not executed, however, until September 29, 1989, and was filed sometime thereafter.

In February 1990, after the Short Year Return was filed, Brian Rampacek, an Internal Revenue Agent with the Internal Revenue Service (IRS), conducted an examination of Plaintiff's Short Year Return in conjunction with an examination of Mr. Olsen's personal income tax return for 1987. Based on his examination of these documents and his inspection of various related documents, he proposed a deficiency in the amount of $120,-295.00, which resulted from disallowing as an officer compensation expense on the 1987 Short Year Return $290,000 in compensation actually paid to Mr. Olsen in 1988, and from disallowing certain amounts claimed as depreciation expenses. In addition to the deficiency, Agent Rampacek recommended assessment of the following penalties:

| Penalty | Authority | Amount |
| --- | --- | --- |
| Late Filing | IRC § 6651 | $28,022.00 |
| Negligence | IRC § 6653 [2] | $21,142.14 [3] |
| Substantial Understatement | IRC § 6661 [4] | $30,074.00 |

2. Section 6653 was amended on December 19, 1989, by the Improved Penalty Administration and Compliance Tax Act (hereinafter Improved Penalty Act), Pub.L. No. 101–239, Title VII, § 7721(c)(1), 103 Stat. 2388, 2399 (1989). That amendment does not apply to the return at issue, however. See id. § 7721(d), 103 Stat. at 2400.

3. Plaintiff originally objected to this figure. See Complaint (Doc. # 1), filed October 9, 1992, Exhibit 1, at 7. However, the amount listed above

On behalf of Plaintiff, Mr. Kelley paid the proposed deficiency in full, along with the recommended penalties and statutory interest thereon.

### Conclusions of Law

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346, which provides, in pertinent part:

(a) The district courts shall have original jurisdiction ... of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

The issues remaining to be decided, as framed by the parties in their Pretrial Stipulation, are essentially two: (1) whether Plaintiff through its officer(s) responsible for preparing and filing the federal corporate tax return in fact relied completely on a competent tax advisor for advice on matters beyond his/their knowledge in preparing and filing the Short Year Return; and (2) whether Plaintiff through its officer(s) knew or reasonably should have known—(a) that the return was filed untimely; (b) that the reporting of the salary expense, as well as the offsetting loan from shareholder, on the Short Year Return and the 1988 corporate return was erroneous; and (c) that the reporting of the depreciation expense on the Short Year Return was erroneous.

### I. Reliance in Fact

■ The undersigned is convinced, after hearing all of the evidence and testimony,

is derived from the parties' Pretrial Stipulation (Doc. # 13), filed on September 27, 1993, and apparently includes interest accrued. See Defendant's Exhibit 4, filed on October 21, 1993, at 1.

4. Section 6661 was repealed on December 19, 1989, by the Improved Penalty Act, § 7721(c)(2), 103 Stat. at 2399. However, this repeal does not affect the instant Short Year Return. See id. § 7721(d), 103 Stat. at 2400.

Mr. Olsen did in fact rely on Mr. Kelley completely to prepare for his signature the Plaintiff's Short Year Return. While he testified he typically gives the corporate tax return some level of review, he feels he must defer to Mr. Kelley's judgment with regard to the substance of the return as he has no understanding of the various changes in the tax law. As for the timeliness of the return, he testified he inquired on numerous occasions when the return was going to be filed, but was assured it was under a valid extension, and, apparently, he was satisfied with these assurances.

## II. Reasonable Reliance

Although Mr. Olsen did in fact rely on Mr. Kelley to prepare the Short Year Return properly and in a timely fashion, the undersigned finds his reliance, for the most part, was not reasonable for purposes of the penalties at issue. With one exception, the matters on which he relied on Mr. Kelley's services were matters which either were within his knowledge, or were matters which, in the exercise of ordinary business care and prudence, he reasonably should have known.

### A. Late Filing Penalty

■ Under IRC § 6651(a)(1), a penalty is imposed for failure to file a return on or before the prescribed deadline "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Thus, to avoid the penalty, the taxpayer bears the heavy burden of showing both the lack of willful neglect, and the existence of reasonable cause. *United States v. Boyle*, 469 U.S. 241, 245, 105 S.Ct. 687, 689, 83 L.Ed.2d 622 (1985); *In re Am. Biomaterials Corp.*, 954 F.2d 919, 923 (3d Cir.1992).

■ "Reasonable cause" is not defined in the statute, but by regulation, the IRS has promulgated the following guideline: "[i]f the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." 26 C.F.R. § 301.6651–1(c)(1) (1993). The existence *vel non* of reasonable cause is a mixed question of law and fact. *See Conklin*

*Bros. of Santa Rosa, Inc. v. United States*, 986 F.2d 315, 317 (9th Cir.1993).

■ The parties have stipulated that Plaintiff delinquently filed the Short Year Return for purposes of § 6651(a)(1). Pretrial Stipulation at 8. Thus, the Court must decide whether Plaintiff has demonstrated that the late filing was due to reasonable cause. It is now established law that a layman in tax matters may not rely on an accountant or attorney to ascertain the filing deadline for a return and meet it. In *Boyle*, "the Supreme Court established a bright line rule that reliance on an agent to file a timely return when the due date of the return was ascertainable by the taxpayer does not constitute reasonable cause excusing the taxpayer from statutory penalties for late filing." *In re Am. Biomaterials Corp.*, 954 F.2d at 923. As explained by the Court in *Boyle*:

[O]ne does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due. In short, tax returns imply deadlines. Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute.

*Boyle*, 469 U.S. at 251, 105 S.Ct. at 693. Clearly, the applicable deadline was ascertainable by Mr. Olsen inasmuch as the original deadline is established by statute, and the extension of that deadline was published in the regulations. *See* 26 U.S.C. § 6072(b); 26 C.F.R. § 1.444–3T(c)(1)(i).

Arguably, this case is distinguishable from *Boyle* in that Plaintiff, relying on the advice of Mr. Kelley, filed the Short Year Return "after the actual due date but within the time the accountant erroneously told him was available." Reply Brief for Plaintiff (Doc. # 31), filed on November 9, 1993, at 3. Indeed, Plaintiff is correct that this issue expressly was not decided by the Court in *Boyle*. *See* 469 U.S. at 251 n. 9, 105 S.Ct. at 692 n. 9. However, cases since *Boyle* have held that a taxpayer's reliance on his accountant's false representation that an extension of the filing deadline had been obtained does not constitute reasonable cause to excuse the untimely filing of the return. *Scimeca v. United States*, 735 F.Supp. 300, 302 (N.D.Ill.

1990); *Estate of Cox v. United States*, 637 F.Supp. 1112, 1115 (S.D.Fla.1986); *see also Conklin*, 986 F.2d at 318 (stating "[a] corporation acts only through its agents and employees, and it is clear after *Boyle* that it cannot *rely* upon those agents or employees, acting within their scope of authority, to escape responsibility for the nonperformance of nondelegable tax duties."). Therefore, the mere fact Mr. Kelley misled Mr. Olsen into believing the Short Year Return was under a valid extension does not excuse Plaintiff's failure to file the return on time, and the late filing penalty was properly imposed.[5]

### B. Negligence Penalty

Section 6653 of the IRC provides that "[i]f any part of any underpayment ... of tax required to be shown on a return is due to negligence (or disregard of rules or regulations), there shall be added to the tax an amount equal to 5 percent of the underpayment." *Id.* § 6653(a)(1). "Negligence" is defined in the statute as including "any failure to make a reasonable attempt to comply with the provisions of this title." *Id.* § 6653(a)(3). "The Commissioner's determination of negligence is presumed to be correct. The taxpayer must show [he exercised] due care." *Howard v. Commissioner*, 931 F.2d 578, 582 (9th Cir.1991); *accord Illes v. Commissioner*, 982 F.2d 163, 166 (6th Cir.1992) (per curiam), *cert. denied*, —— U.S. ——, 113 S.Ct. 1579, 123 L.Ed.2d 147 (1993).

 The United States maintains Plaintiff was negligent within the meaning of § 6653(a)(1). *See* Trial Memorandum of Defendant United States of America (Doc. # 24), filed on October 19, 1993, at 15–16. After reviewing the pertinent evidence and hearing the relevant testimony, the undersigned is convinced, with respect to the erro-

neous reporting of Mr. Olsen's salary, the United States is correct. "As a general rule, the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer." *Metra Chem Corp. v. Commissioner*, 88 T.C. 654, 662, 1987 WL 49292 (1987). In the *Metra Chem Corp.* case, the Court stated:

> [Taxpayer A] simply failed to report more than $10,000 in cash dividends which he received from corporations controlled by him. [Taxpayer B] similarly failed to report more than $6,800 in such dividends. The unreported dividends constituted over 21 percent of [the gross income of Taxpayer A and his wife] for 1977 and over 20 percent of [the gross income of Taxpayer B and his wife] for such year. We believe that such a substantial underreporting of income would not have gone unnoticed if the petitioners had made even a cursory review of their returns. Under such circumstances, the petitioners may not shift responsibility for the accuracy of their returns to their accountant.

*Id.* In similar fashion, Mr. Olsen should have discovered the substantial *overreporting* of his income for the short tax year 1987. He testified he knew when he signed the Short Year Return that the $290,000 in officer compensation expense claimed thereon was for compensation actually paid in 1988. He also testified he understood what it means to be on a "cash basis." Therefore, it was unreasonable for him to believe the 1988 compensation properly was claimed on the Short Year Return given his knowledge of when the compensation was paid, and how such compensation is reported when a corporation operates on a cash basis for account-

---

5. Plaintiff cites *Estate of La Meres v. Commissioner*, 98 T.C. 294, 1992 WL 54258 (1992) in its reply, but that case is clearly distinguishable. The taxpayer therein filed a request for a second extension in reliance on an attorney's erroneous advice that a second extension was available. In contrast, Mr. Olsen did nothing but check periodically with Mr. Kelley regarding the status of the return, relying on him completely to apply for and obtain the extensions. Moreover, in *Estate of La Meres*, agents of the Commissioner took action which would have led the taxpayer to

believe the second extension had been granted. In this case, however, there is no evidence Plaintiff was misled by the acts of any IRS employee into believing an extension was in effect.

This case is made more difficult by the testimony that Mr. Kelley told Mr. Olsen not only that he had obtained an extension, but that he was awaiting guidance from the IRS concerning the new tax law. Although a closer call, it is found this additional fact alone does not distinguish this case from *Boyle* and its progeny cited in the text.

ing purposes.[6]

Plaintiff insists, however, it could reasonably rely on Mr. Kelley's judgment regarding the propriety of the "accrual" of the officer compensation expense early and of reporting an offsetting loan from shareholder item. *See* Brief for Plaintiff (Doc. # 25), filed on October 19, 1993, at 22–23. The fact Plaintiff operated on a cash basis rather than an accrual basis aside, there is no reliable evidence in the record that Mr. Kelley gave Mr. Olsen any specific advice at all. Mr. Olsen testified he did not question Mr. Kelley about any aspect of the Short Year Return, and that they did not discuss the loan from shareholder item. "Where no reliable evidence exists in the record suggesting the nature of any advice given, a finding of negligence is not erroneous." *Howard,* 931 F.2d at 582.

In addition, Mr. Olsen has not shown he made a reasonable attempt to comply with the tax laws. He knew there was no basis in fact for reporting the compensation as paid in 1987. Moreover, Plaintiff has not established how he could plausibly believe the loan from shareholder item had any basis in fact. He did not question Mr. Kelley at all about the return, but endorsed, more or less blindly, the return he had prepared. This, of course, does not demonstrate due care.

■ As in *Metra Chem Corp.,* this case does not involve "the tax treatment of complex transactions" regarding which the position of the tax return had a reasonable basis. 88 T.C. at 662, 1987 WL 49292. Rather, it involves a simple lump sum payment in the approximate amount of $300,000 to Plaintiff's President and sole shareholder, and the date on which that payment was made. The amount of the discrepancy was clearly substantial. Therefore, his endorsement, without review, of a return which contained a

significant error of a factual nature cannot be described as reasonable and good faith reliance on the advice of a tax expert.[7]

## C. Substantial Understatement Penalty

Section 6661 of the IRC provides "[i]f there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement." *Id.* § 6661(a). The term "understatement" refers to the excess of "the amount of the tax required to be shown on the return for the taxable year, over ... the amount of the tax imposed which is shown on the return, reduced by any rebate...." *Id.* § 6661(b)(2)(A). An understatement is substantial if it exceeds ten percent of the tax required to be shown on the return for the taxable year or $10,000, whichever is greater. *Id.* § 6661(b)(1)(A) & (B).

■ In this case, the parties have stipulated that Plaintiff substantially understated its income tax liability on the Short Year Return for purposes of § 6661(a). Pretrial Stipulation at 8. That being the case, the penalty set forth in that section ordinarily would apply. However, § 6661(c) provides "[t]he Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." The decision whether to waive the penalty lies solely within the discretion of the Commissioner, and a denial of the waiver will be set aside only where it is shown the Commissioner abused that discretion. *Karr v. Commissioner,* 924 F.2d 1018, 1026 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 992, 117 L.Ed.2d 153 (1992); *Heasley v.*

---

**6.** It was equally unreasonable for Mr. Olsen to defer to Mr. Kelley regarding the propriety of the loan from shareholder item. He testified he was not aware of having executed any loan from himself to the corporation. Moreover, there is no evidence anyone else had the authority to consummate such a transaction. Hence, Plaintiff has demonstrated no grounds on which Mr. Olsen could reasonably believe the loan from shareholder item had any basis in fact.

**7.** As discussed *infra,* the treatment of the depreciation expenses, unlike the officer's compensation expense, was a matter on which Mr. Olsen was entitled to rely on the professional judgment of Mr. Kelley. However, where any part of the underpayment is attributable to negligence, the § 6653(a)(1) penalty is imposed on the *entire* underpayment, rather than on the part attributable to negligence. *Commissioner v. Asphalt Products Co., Inc.,* 482 U.S. 117, 107 S.Ct. 2275, 96 L.Ed.2d 97 (1987) (per curiam).

*Commissioner,* 902 F.2d 380, 385 (5th Cir. 1990).

The IRS has outlined by regulation the factors it considers in determining whether to waive the substantial understatement penalty. Among other things, these factors are as follows:

> [T]he most important factor ... will be the extent of the taxpayer's effort to assess the taxpayer's proper tax liability under the law.... [C]ircumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer.... Reliance on ... the advice of a professional (such as an appraiser, an attorney, or an accountant) would not necessarily constitute a showing of reasonable cause and good faith. Similarly, reliance on facts that, unknown to the taxpayer, are incorrect would not necessarily constitute a showing of reasonable cause and good faith. Reliance on ... professional advice, or other facts, however, would constitute a showing of reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith.

26 C.F.R. § 1.6661–6(b).

 In this case, Plaintiff has shown no evidence that Mr. Olsen operated on an "honest misunderstanding of fact or law" as to the amount of salary he was paid during the three quarters covered by the Short Year Return. To the contrary, the evidence shows he undertook little, if any, effort to ascertain the requirements of the law or the factual basis for the officer compensation expense reported on the Short Year Return. Nor does the evidence show he relied on factual statements in the return which, unknown to him, were incorrect; rather, it shows he relied completely on Mr. Kelley's judgment. Finally, while he indeed relied on Mr. Kelley to prepare the Short Year Return correctly, for the reasons outlined above with respect to the § 6653(a)(1) negligence penalty, such reliance was not reasonable under the circumstances with respect to the salary discrepancy.

As for the depreciation expenses improperly claimed, the record suggests Mr. Olsen acted reasonably and in good faith. He testified he has no experience in accounting matters, and no background on how to prepare and file his corporation's tax returns. He further testified he had no understanding of the various changes in the tax law. Mr. Kelley testified, moreover, the erroneous depreciation deductions were technical in nature, and that he personally was not aware of the errors until the audit of the Short Year Return was conducted. Mr. Kelley is a licensed CPA with whom Mr. Olsen had dealt for a number of years. Mr. Olsen had been satisfied with Mr. Kelley's services and had not experienced any difficulties with him prior to the filing of the Short Year Return.

Given Mr. Olsen's lack of knowledge of accounting matters and his long and satisfactory relationship with Mr. Kelley, it was reasonable for him to rely on Mr. Kelley's professional judgment in calculating and reporting Plaintiff's depreciation expenses. Unlike his salary which was a nontechnical fact of which he should have been aware, depreciation is calculated using statutory and regulatory guidelines of which Mr. Olsen could not have been expected to be knowledgeable. *See Boyle,* 469 U.S. at 251, 105 S.Ct. at 692 (stating "[m]ost taxpayers are not competent to discern error in the substantive advice of an accountant...."). In addition, Mr. Kelley testified the new tax law changed the depreciation rules, making it even more difficult for a layman in tax matters to ascertain any errors. The foregoing facts show Mr. Olsen could have done little more than rely on an experienced CPA with whom he was familiar to determine the amounts of depreciation appropriate under the tax laws. Hence, absent some reason not apparent from the record, it was an abuse of discretion for the Commissioner to deny a partial waiver of the § 6661 penalty.

The undersigned has reviewed the evidence and testimony in search of some basis for denying a partial waiver as to the improper depreciation expenses, and can find none. The IRS offered no testimony or evidence rebutting Plaintiff's showing of reasonable cause and good faith as to the depreciation

error, or otherwise supporting the denial of the waiver of the § 6661 penalty as to the improper depreciation expenses. *Cf. Klavan v. Commissioner,* 66 Tax Ct.Mem.Dec. (CCH) 68, 1993 WL 257304 (1993) (outlining basis advanced by Commissioner for refusal to waive § 6661 penalty). Accordingly, Plaintiff having made a prima facie showing of an abuse of discretion and no evidence to the contrary having been presented by the IRS, it is found the Commissioner abused his discretion by not waiving that portion of the § 6661 penalty attributable to Plaintiff's erroneous reporting of its depreciation expenses.

### RECOMMENDATION

Based on the foregoing, it is recommended the Court enter a judgment:

(1) for the Defendant and against the Plaintiff as to the penalties assessed pursuant to IRC § 6651 and § 6653, and § 6661 to the extent it is attributable to Plaintiff's erroneous reporting of its officer compensation expenses; and

(2) for Plaintiff and against Defendant as to that portion of the § 6661 penalty attributable to Plaintiff's erroneous calculation of various depreciation expenses.

It is further recommended the parties be directed to confer and attempt to resolve amicably the amount of the refund to which Plaintiff is entitled and that, absent their agreement, they be required to make submissions as to the appropriate amount.

**ENTERED** at Jacksonville, Florida this 9th day of November, 1993.

/s/ Howard T. Snyder
HOWARD T. SNYDER
United States Magistrate Judge